IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT REETZ, Executor of the<br>Estate of BETTY JO REETZ,<br>deceased, | ) <br> ) <br> ) <br> ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| v. | ) <br> ) | |
| THOMAS BECKER and MARTEN<br>TRANSPORT, LTD., | ) <br> ) | **JURY TRIAL DEMAND** |
| Defendants. | ) <br> ) | |

## COMPLAINT AT LAW AND JURY DEMAND

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the estate of BETTY JO REETZ, deceased, as his Complaint and Jury Demand states as follows:

## NATURE OF THE ACTION

1. This is an action brought by ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois Wrongful Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin of the decedent, BETTY JO REETZ.

## PARTIES, JURISDICTION, AND VENUE

2. The decedent, BETTY JO REETZ, at the time of her death and the occurrence described herein, was a citizen of the State of Illinois.

1

3. The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

4. The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

5. The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

6. This Court has an original jurisdiction under 28 U.S.C. Section 1332 (a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

7. Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. Section 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

## CLAIMS FOR RELIEF

### Count I-Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker-Negligence

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count I of his Complaint and Jury Demand against the Defendant, THOMAS BECKER, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

2

3.  Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.  Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.  That at all times relevant hereto, it was the duty of the Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi tractor/trailer he was driving, respecting the safety and well-being of others, including Plaintiff's decedent herein.

6.  Despite said duty, the Defendant BECKER, breached said duty in one, or more, of the following ways:

a) Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

b) Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operating by the decedent;

c) Failing to keep a proper lookout for the advanced warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering the intersection;

d) Operating his semi tractor/trailer at an excessive rate of speed as he proceeded east on 300N approaching and entering into the intersection thereof with Illinois Route 49 considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

e) Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N.

7.  On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping, directly into the path of the Plaintiff's decedent's southbound vehicle, proximately causing a collision between said vehicles.

8.  On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

9.  The next of kin of the decedent at the time of her death, and the relationship to the decedent are as follows:

> a) The Plaintiff, ROBERT REETZ, spouse of the decedent;
>
> b) Dustin Reetz, son of the decedent;
>
> c) Brandon Reetz, son of the decedent;
>
> d) Dylan Reetz, son of the decedent.

10.  On October 2, 2023, as a direct and proximate result of the negligence of the Defendant BECKER as set forth above, the collision between the semi tractor/trailer being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and which decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

11.   This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, THOMAS BECKER, on Count I for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

### Count II-Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Marten Transport, Ltd.- *Respondeat Superior*

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count II of his Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, LTD., states as follows:

1.   On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.   That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.   Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.   Traffic proceeding east on County Road 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.  At all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi tractor/trailer he was driving, respecting the safety and well-being of others, including the Plaintiff's decedent herein.

6.  Despite said duty, the Defendant BECKER, breached said duty in one, or more, of the following ways:

> a) Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;
>
> b) Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operated by the decedent;
>
> c) Failing to keep a proper lookout for the advanced warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering into the intersection;
>
> d) Operating his motor vehicle at an excessive rate of speed considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;
>
> e) Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N.

7.  That as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, the Defendant entered into the aforementioned intersection, without stopping, directly into the path of the Plaintiff's decedent's southbound vehicle, proximately causing a collision between said vehicles and proximately causing the death of the Plaintiff's decedent.

8. On or about October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die on October 2, 2023.

9. On or about October 2, 2023, and at all times relevent hereto, the vehicle being operated by the Defendant BECKER was owned and maintained by the Defendant MARTEN.

10. At all times relevant hereto, and on October 2, 2023, Defendant BECKER was driving said semi tractor/trailer within the scope of, and in the course of, his employment with Defendant MARTEN, as an agent and employee for his employer, Defendant MARTEN.

11. Under the doctrine of *respondeat superior,* Defendant MARTEN is liable for the driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused thereby as set forth herein.

12. The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

        a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

        b) Dustin Reetz, son of the decedent;

        c) Brandon Reetz, son of the decedent;

        d) Dylan Reetz, son of the decedent.

13. On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKE, as an agent of Defendant, MARTEN, as set forth above, the collision between the tractor/semi trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a

continuing and permanent nature.

14. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count II for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

### Count III-Robert Reetz, Executor of the Estate of Betty Jo Reetz
### v. Thomas Becker-Willful and Wanton

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count III of his Complaint and Jury Demand against the Defendant, THOMAS BECKER, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.  That at all times relevant hereto, it was the duty of the Defendant BECKER to refrain from willful and wanton conduct in the operation of his tractor/semi trailer which would show an utter indifference to, and a conscious disregard for, the safety of others, including the decedent.

6.  Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

a) Consciously and knowingly driving a semi tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed;

b) Operating his semi tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, while looking down and not looking forward to pay any attention to other traffic and traffic conditions, including the advanced warning sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c) Driving his semi tractor/trailer directly into the path of the vehicle being operated by decedent, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle;

d) Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the warning for the stop sign, and the stop sign itself, as he approached and entered the intersection without stopping or reducing his speed;

e) Consciously failing to keep his tractor/trailer under proper control at all times as he proceeded east on 300N to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route

49;

f) Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi tractor/trailer, while proceeding east on County Road 300N, by looking down and not ahead to observe traffic and road conditions, utterly disregarding the advance warning sign for the stop sign and the stop sign itself, and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle, which was clearly visible to him if he had consciously viewed all road conditions ahead of him.

7.  As a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of the Defendant BECKER, the Defendant entered into the aforementioned intersection, without stopping, directly into the path of the Plaintiff's decedent's southbound vehicle, proximately causing a collision between said vehicles.

8.  On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing wilful and wanton acts and/or omissions of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

9.  The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

b) Dustin Reetz, son of the decedent;

c) Brandon Reetz, son of the decedent;

d) Dylan Reetz, son of the decedent.

10.  On or about October 2, 2023, as a direct and proximate result of the wilful and wanton conduct of the Defendant BECKER as set forth above, the collision between the semi tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from

the decedent, including the love, guidance, affection and companionship they have received from her and would have continued to receive from her for the rest of their lives and have been deprived of other valuable services and income, which they were accustomed to, and which contributing to them but for her death, all of which damages are of a continuing and permanent nature.

11.     This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the DECEDENT.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, THOMAS BECKER, on Count III for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

<u>Count IV-Robert Reetz, Executor of the Estate of Betty Jo Reetz</u>
<u>v. Marten Transport, Ltd.-Willful and Wanton-*Respondeat Superior*</u>

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count IV of his Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, LTD., states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, the Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5. That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his tractor/semi trailer which would show an utter indifference to, and a conscious disregard for the safety of others, including the decedent.

6. Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

> a) Driving a semi tractor/trailer at an excessive rate of speed, well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the vehicle being operated by decedent;
>
> b) While operating his semi tractor/trailer on 300N, and proceeding east and approaching the intersection of Illinois Route 49, looking down and not looking forward to pay any attention to other traffic and traffic conditions, including the advanced warning sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;
>
> c) Driving his semi tractor/trailer directly into the path of the vehicle being operated by decedent, which had the preferential right of way, without stopping whatsoever at the stop sign or, in any way, yielding to the Plaintiff's vehicle;
>
> d) Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the warning for the stop sign and stop sign itself as he approached and entered the intersection without stopping or

reducing his speed;

e) Consciously failing to keep his tractor/trailer under proper control at all
times to avoid a collision with others vehicles while proceeding east on 300N and
entering into the intersection Illinois Route 49;

f) Consciously failing to follow industry custom and practice, and his own training
for the safe and proper operation of his semi tractor/trailer, while proceeding east
on County Road 300N by looking down and not ahead to observe traffic
conditions, utterly disregarding the advance warning sign for the stop sign and the
stop sign itself and consciously speeding when approaching and entering into the
intersection directly into the path of Plaintiff's vehicle which was clearly visible
to him if he had consciously viewed all road conditions ahead of him.

7.  On or about October 2, 2023, and at all times relevant hereto, the semi tractor/trailer
being operated by the Defendant BECKER was owned and maintained by the Defendant
MARTEN.

8.  On October 2, 2023, the Defendant BECKER at all times was an agent and/or
employee of the Defendant, MARTEN.

9.  On October 2, 2023, all of the aforementioned driving acts and driving conduct and
willful and wanton acts and/or omissions set forth above of the Defendant BECKER were
undertaken during the course of, within the scope of, the agency and employment of Defendant
BECKER with Defendant MARTEN for the benefit of Defendant MARTEN.

10.  Under the doctrine of *Respondeat Superior,* Defendant MARTEN is liable for the
wilful and wanton driving conduct and/or omissions of its agent and/or employee, Defendant
BECKER, and all damages proximately caused herein.

11.  That as a direct and proximate result of one, or more, or all of the foregoing willful
and wanton acts and/or omissions of the Defendant BECKER, Defendant BECKER entered into
the aforementioned intersection without stopping directly into the path of the Plaintiff's
decedent's southbound vehicle, proximately causing a collision between said vehicles.

13

12.  On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing wilful and wanton conduct of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

13.  The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

> a) The Plaintiff, ROBERT REETZ, spouse of the decedent;
>
> b) Dustin Reetz, son of the decedent;
>
> c) Brandon Reetz, son of the decedent;
>
> d) Dylan Reetz, son of the decedent.

14.  On or about October 2, 2023, as a direct and proximate result of the wilful and wanton conduct of the Defendant BECKER as set forth above, the collision between the semi tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they received from her and would have continued to receive from her for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

15.  This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count IV for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, accordingly and respectfully prays for Judgment against the Defendants, THOMAS BECKER and MARTEN TRANSPORT, LTD., as follows:

1.  That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

    a) their grief, sorrow and mental suffering,

    b) their loss of society from the decedent, including love, guidance, affection and companionship, and

    c) their loss of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death;

2.  That the Plaintiff be awarded any other damages as the Court deems just and proper, including costs.

<u>JURY DEMAND</u>

The Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, respectfully demands that the issues created herein be tried by a jury.

Respectfully submitted,
ROBERT REETZ, as Executor of the ESTATE OF
BETTY JO REETZ, Plaintiff

BY: /s/ James J. Hagle
James J. Hagle

FREDERICK & HAGLE
Attorneys for Plaintiff
129 West Main Street
Urbana, IL 61801
Tel: 217/367-6092
Fax: 217/367-9025
Email: jhagle@frederickandhagle.com