IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased, | ) ) ) | |
| | ) | |
| Plaintiff | ) | Case No. 23 – cv-02255 |
| | ) | |
| v. | ) ) | Jury Trial Demand |
| | ) | |
| THOMAS BECKER and MARTEN TRNSPORT, LTD., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THOMAS BECKER'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for

their Answers and Affirmative Defenses to Plaintiff ROBERT REETZ'S Complaint at Law states

as follows:

**NATURE OF THE ACTION**

1. This is an action brought by ROBERT REETZ, as Executor of the Estate of BETTY

JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois Wrongful

Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin of the

decedent, BETTY JO REETZ.

**ANSWER:** This Defendant, Thomas Becker, denies that the Wrongful Death Act has

been cited properly, denies the applicability thereof, and denies any and all remaining allegations

contained in Paragraph No. 1.

**PARTIES, JURISDICTION, AND VENUE**

2. The decedent, BETTY JO REETZ, at the time of her death and the occurrence

described herein, was a citizen of the State of Illinois.

1

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 2 and demands strict proof thereof.

3. The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

**ANSWER:** This Defendant, Thomas Becker, admits that THOMAS BECKER, is a citizen of the State of Louisiana but denies any and all remaining allegations contained in Paragraph No. 4.

5. The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

**ANSWER:** This Defendant, Thomas Becker, admits that they are incorporated in the State of Wisconsin and does business in the State but denies any and all remaining allegations contained in Paragraph No. 5.

6. This Court has an original jurisdiction under 28 U.S.C. Section 1332 (a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:** This Defendant, Thomas Becker, admits that an original jurisdiction under 28 U.S.C. Section 1332 (a) exists, but denies any and all remaining allegations contained in Paragraph No. 6.

7. Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. Section 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that events giving rise to the claims occurred in Iroquois County, Illinois, but denies any and all remaining allegations contained in Paragraph No. 7.

## CLAIMS FOR RELIEF

Count I-Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker-Negligence

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for his Answers to Count I of the Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Thomas Becker was an

employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:**    This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:**    This Defendant, Thomas Becker, admits that there were traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. That at all times relevant hereto, it was the duty of the Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi tractor/trailer he was driving, respecting the safety and well-being of others, including Plaintiff's decedent herein.

**ANSWER:**    This Defendant, Thomas Becker, admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 5.

6. Despite said duty, the Defendant BECKER, breached said duty in one, or more, of the following ways:

      a)     Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

b)      Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operating by the decedent;

c)      Failing to keep a proper lookout for the advanced warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering the intersection;

d)      Operating his semi tractor/trailer at an excessive rate of speed as he proceeded east on 300N approaching and entering into the intersection thereof with Illinois Route 49 considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

e)      Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N.

**ANSWER:**    This Defendant, Thomas Becker, denies any and all allegations contained in Paragraph No. 6 including each and every subparagraph (a) through (e).

7. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping, directly into the path of the Plaintiff's decedent's southbound vehicle, proximately causing a collision between said vehicles.

**ANSWER:**    This Defendant, Thomas Becker, admits that contact occurred between the two vehicles, but denies any and all remaining allegations contained in Paragraph No. 7.

8. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 8.

9. The next of kin of the decedent at the time of her death, and the relationship to the decedent are as follows:

a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

b) Dustin Reetz, son of the decedent;

c) Brandon Reetz, son of the decedent;

d) Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 9 including each and every subparagraph (a) through (d) and demands strict proof thereof.

10. On October 2, 2023, as a direct and proximate result of the negligence of the Defendant BECKER as set forth above, the collision between the semi tractor/trailer being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they would have received

from her, and would have continued to receive from her, for the rest of their lives, and have been

deprived of other valuable services and income, which they were accustomed to, and which

decedent would have continued contributing to them but for her death, all of which damages are

of a continuing and permanent nature.

**ANSWER:**    This Defendant, Thomas Becker, acknowledges the death of Betty Jo

Reetz and denies the remaining allegations contained in Paragraph No. 10 and denies that

plaintiff was injured in the nature and to the extent alleged.

11. This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act,

740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:**    This Defendant, Thomas Becker, admits the existence of the Illinois

Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof.

WHEREFORE, Defendant, THOMAS BECKER, denies that plaintiff, ROBERT REETZ,

is entitled to judgment against him for any amount whatsoever and moves for the entry of judgment

in its favor and for such other relief as this Honorable Court deems just and appropriate.

Count II-Robert Reetz, Executor of the Estate of Betty Jo Reetz
v. Marten Transport, Ltd.- *Respondeat Superior*

Defendant, THOMAS BECKER, makes no answer to Count II as the allegations set forth

in Count II are not directed towards this Defendant and such allegations are deemed denied.

Count III-Robert Reetz, Executor of the Estate of Betty Jo Reetz
v. Thomas Becker-Willful and Wanton

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for

his Answers to Count III of the Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Thomas Becker, admits that there were traffic control

signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. That at all times relevant hereto, it was the duty of the Defendant BECKER to refrain from willful and wanton conduct in the operation of his tractor/semi trailer which would show an utter indifference to, and a conscious disregard for, the safety of others, including the decedent.

**ANSWER:** This Defendant, Thomas Becker, admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 5.

6. Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

a) Consciously and knowingly driving a semi tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed;

b) Operating his semi tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, while looking down and not looking forward to pay any attention to other traffic and traffic conditions, including the advanced warning sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c) Driving his semi tractor/trailer directly into the path of the vehicle being operated by decedent, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle;

d) Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi tractor/trailer at an excessive rate of speed on a county road, consciously looking

9

down and not forward, while proceeding east on County Road 300N and consciously

failing to see and respond to the warning for the stop sign, and the stop sign itself, as

he approached and entered the intersection without stopping or reducing his speed;

e)   Consciously failing to keep his tractor/trailer under proper control at all times as he

proceeded east on 300N to avoid a collision with others vehicles while proceeding east

on 300N and entering into the intersection Illinois Route 49;

f) Consciously failing to follow industry custom and practice, and his own training for

the safe and proper operation of his semi tractor/trailer, while proceeding east on

County Road 300N, by looking down and not ahead to observe traffic and road

conditions, utterly disregarding the advance warning sign for the stop sign and the stop

sign itself, and consciously speeding when approaching and entering into the

intersection directly into the path of Plaintiff's vehicle, which was clearly visible to

him if he had consciously viewed all road conditions ahead of him.

   **ANSWER:**    This Defendant, Thomas Becker, denies any and all allegations contained

in Paragraph No. 6 including each and every subparagraph (a) through (f).

   7. As a direct and proximate result of one, or more, or all of the foregoing willful and

wanton acts and/or omissions of the Defendant BECKER, the Defendant entered into the

aforementioned intersection, without stopping, directly into the path of the Plaintiff's decedent's

southbound vehicle, proximately causing a collision between said vehicles.

   **ANSWER:**    This Defendant, Thomas Becker, admits that contact occurred between the

two vehicles, but denies any and all remaining allegations contained in Paragraph No. 7.

   8. On October 2, 2023, as a direct and proximate result of one, or more, or all of the

foregoing willful and wanton acts and/or omissions of the Defendant BECKER, and as a direct

and proximate result of the collision between the vehicle being operated by the Defendant

BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was

proximately caused to die.

**ANSWER:**    This Defendant, Thomas Becker, acknowledges the death of Betty Jo

Reetz and denies the remaining allegations contained in Paragraph No. 8.

9.   The next of kin of the decedent at the time of her death and the relationship to the

decedent were as follows:

  a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

  b) Dustin Reetz, son of the decedent;

  c) Brandon Reetz, son of the decedent;

  d) Dylan Reetz, son of the decedent.

**ANSWER:**    This Defendant, Thomas Becker, lacks sufficient information to admit or

deny this allegation as written in Paragraph No. 9 including each and every subparagraph

(a) through (d) and demands strict proof thereof.

10. On or about October 2, 2023, as a direct and proximate result of the wilful and wanton

conduct of the Defendant BECKER as set forth above, the collision between the semi

tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the

Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth

above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the

decedent, including damages for grief, sorrow and mental suffering, and a loss of society from

the decedent, including the love, guidance, affection and companionship they have received

from her and would have continued to receive from her for the rest of their lives and have been

deprived of other valuable services and income, which they were accustomed to, and which

contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 10 and denies that plaintiff was injured in the nature and to the extent alleged.

11. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the DECEDENT.

**ANSWER:** This Defendant, Thomas Becker, admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof.

WHEREFORE, Defendant, THOMAS BECKER, denies that plaintiff, ROBERT REETZ, is entitled to judgment against him for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

<u>Count IV-Robert Reetz. Executor of the Estate of Betty Jo Reetz
v. Marten Transport, Ltd.-Willful and *Wanton-Respondeat Superior*</u>

Defendant, THOMAS BECKER, makes no answer to Count IV as the allegations set forth in Count IV are not directed towards this Defendant and such allegations are deemed denied.

**PRAYER FOR RELIEF**

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Plaintiff's Prayer for Relief, states as follows:

1. That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

      a) their grief, sorrow and mental suffering,

   b)  their loss of society from the decedent, including love, guidance, affection and

companionship, and

   c)  their loss of other valuable services and income, which they were accustomed to, and

decedent would have continued contributing to them but for her death;

**ANSWER:**    This Defendant, Thomas Becker, acknowledges the death of Betty Jo

Reetz and denies the remaining allegations contained in Paragraph No. 1 including each

and every subparagraph (a) through (c) and denies that plaintiff was injured in the nature and to

the extent alleged.

2. That the Plaintiff be awarded any other damages as the Court deems just and proper,

including costs.

**ANSWER:**    This Defendant, Thomas Becker, acknowledges the death of Betty Jo

Reetz and denies the remaining allegations contained in Paragraph No. 2.

WHEREFORE, Defendant, THOMAS BECKER, denies that plaintiff, ROBERT

REETZ, is entitled to judgment against him for any amount whatsoever and moves for the entry

of judgment in its favor and for such other relief as this Honorable Court deems just and

appropriate.

**THE DEFENDANT DEMANDS TRIAL BY JURY**

**DEFENDANT THOMAS BECKER'S**
**AFFIRMATIVE DEFENSES**

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., pleading in the alternative and without prejudice to its denials, asserts the following Affirmative Defenses to Plaintiff's Complaint at Law:

1.    The decedent, BETTY JO REETZ, owed a duty to herself to operate her vehicle for her own safety.

2.    In violation of that duty, the decedent, BETTY JO REETZ committed one or more of the following careless and negligent acts or omissions that proximately caused or contributed to the cause of plaintiff's alleged injuries:

  a.  Negligently and carelessly failed to keep a proper lookout for other vehicles the roadway and for her own safety;

  b.  Negligently and carelessly failed to decrease the speed of her vehicle to avoid a collision, in violation of 625 ILCS 5/11-601(a);

  c.  Negligently and carelessly driving at a speed greater than what was reasonable and proper, in violation of 625 ILCS 5/11-601(a);

  d.  Negligently and carelessly failed to properly operate, maintain and control her vehicle;

  e.  Negligently and carelessly failed to operate said vehicle in a reasonably safe manner so as not to cause injury to herself or others;

  f.  Negligently and carelessly failed to warn Defendant's driver, THOMAS BECKER, by honking her horn; and

  g.  Was otherwise careless and/or negligent.

3.    If the jury finds that the comparative fault of the decedent, BETTY JO REETZ

exceeds fifty percent (50%) of the proximate cause of the injury for which recovery is sought pursuant to the plaintiffs' Complaint at Law, the plaintiff, ROBERT REETZ, executor of the estate of BETTY JO REETZ, should be barred from recovering damages whatsoever.

4.      If the jury finds the contributory fault of plaintiff to be fifty percent (50%) or less of the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's Complaint at Law, plaintiff's recovery must be reduced in proportion to plaintiff's contributory fault.

WHEREFORE, the Defendant, THOMAS BECKER, denies that plaintiff, ROBERT REETZ, is entitled to judgment in any amount whatsoever and prays that judgment be entered in favor of the Defendant and against the plaintiff, and for such other relief as deemed just and appropriate by this Court.

Respectfully submitted,
THE HUNT LAW GROUP, LLC.


*/s/ Brian J. Hunt* __
By: Brian J. Hunt


Brian J. Hunt
ARDC #6299658
Attorney for Defendants
THE HUNT LAW GROUP, LLC.
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
Direct: (312) 384-2300
Fax:    (312) 443-9391
bhunt@hunt-lawgroup.com