
31543

IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased,<br><br>        Plaintiff<br><br>v.<br><br>THOMAS BECKER and MARTEN TRNSPORT, LTD.,<br><br>        Defendants. | Case No. 23 – cv-02255<br><br>Jury Trial Demand |

### DEFENDANT MARTEN TRANSPORT LTD.'S ANSWER
### AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S COMPLAINT

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for its Answers and Affirmative Defenses to Plaintiff ROBERT REETZ'S Complaint at Law states as follows:

### NATURE OF THE ACTION

1. This is an action brought by ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois Wrongful Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin of the decedent, BETTY JO REETZ.

**ANSWER:** This Defendant, Marten Transport Ltd., denies that the Wrongful Death Act has been cited properly, denies the applicability thereof, and denies any and all remaining allegations contained in Paragraph No. 1.

### PARTIES, JURISDICTION, AND VENUE

2. The decedent, BETTY JO REETZ, at the time of her death and the occurrence described herein, was a citizen of the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 2 and demands strict proof thereof.

3. The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that THOMAS BECKER, is a citizen of the State of Louisiana but denies any and all remaining allegations contained in Paragraph No. 4.

5. The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that it is incorporated in the State of Wisconsin and does business in the State but denies any and all remaining allegations contained in Paragraph No. 5.

6. This Court has an original jurisdiction under 28 U.S.C. Section 1332 (a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that an original jurisdiction under 28 U.S.C. Section 1332 (a) exists, but denies any and all remaining allegations contained in Paragraph No. 6.

7. Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. Section 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that events giving rise to the claims occurred in Iroquois County, Illinois, but denies any and all remaining allegations contained in Paragraph No. 7.

## CLAIMS FOR RELIEF

Count I-Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker-Negligence

Defendant, MARTEN TRANSPORT, LTD., makes no answer to Count I as the allegations set forth in Count I are not directed towards this Defendant and such allegations are deemed denied.

Count II-Robert Reetz, Executor of the Estate of Betty Jo Reetz
v. Marten Transport, Ltd.- *Respondeat Superior*

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count IV of the Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

31543

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on County Road 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there were traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. At all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi tractor/trailer he was driving, respecting the safety and well-being of others, including the Plaintiffs decedent herein.

**ANSWER:** This Defendant, Marten Transport Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 5.

6. Despite said duty, the Defendant BECKER, breached said duty in one, or more, of the following ways:

    a) Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

    b) Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operated by the decedent;

    c) Failing to keep a proper lookout for the advanced warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering into the intersection;

    d) Operating his motor vehicle at an excessive rate of speed considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

    e) Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., denies any and all allegations contained in Paragraph No. 6 including each and every subparagraph (a) through (e).

7. That as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, the Defendant entered into the aforementioned intersection, without stopping, directly into the path of the Plaintiffs decedent's southbound

vehicle, proximately causing a collision between said vehicles and proximately causing the death of the Plaintiffs decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that contact occurred between the two vehicles, but denies any and all remaining allegations contained in Paragraph No. 7.

8. On or about October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die on October 2, 2023.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 8.

9. On or about October 2, 2023, and at all times relevent hereto, the vehicle being operated by the Defendant BECKER was owned and maintained by the Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that the vehicle was owned by Marten Transport. Ltd., and denies the remaining allegations of Paragraph No. 9.

10. At all times relevant hereto, and on October 2, 2023, Defendant BECKER was driving said semi tractor/trailer within the scope of, and in the course of, his employment with Defendant MARTEN, as an agent and employee for his employer, Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and denies the remaining allegations contained in Paragraph No. 10.

11. Under the doctrine of *respondeat superior*. Defendant MARTEN is liable for the driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused thereby as set forth herein.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 11.

12. The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

   a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

   b) Dustin Reetz, son of the decedent;

   c) Brandon Reetz, son of the decedent;

   d) Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 12 including each and every subparagraph (a) through (d) and demands strict proof thereof.

13. On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKE, as an agent of Defendant, MARTEN, as set forth above, the collision between the tractor/semi trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been

deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 13 and denies that plaintiff was injured in the nature and to the extent alleged.

14. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decendent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

<u>Count III-Robert Reetz, Executor of the Estate of Betty Jo Reetz
v. Thomas Becker-Willful and Wanton</u>

Defendant, MARTEN TRANSPORT, LTD., makes no answer to Count III as the allegations set forth in Count III are not directed towards this Defendant and such allegations are deemed denied.

<u>Count IV-Robert Reetz. Executor of the Estate of Betty Jo Reetz
v. Marten Transport, Ltd.-Willful and *Wanton-Respondeat Superior*</u>

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count IV of the Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, the Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

    4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced stop sign warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

    **ANSWER:**   This Defendant, Marten Transport Ltd., admits that there were traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

    5. That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his tractor/semi trailer which would show an utter indifference to, and a conscious disregard for the safety of others, including the decedent.

    **ANSWER:**   This Defendant, Marten Transport Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 5.

    6. Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

    a) Driving a semi tractor/trailer at an excessive rate of speed, well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the vehicle being operated by decedent;

    b) While operating his semi tractor/trailer on 300N, and proceeding east and approaching the intersection of Illinois Route 49, looking down and not looking forward to pay any attention to other traffic and traffic conditions, including the advanced warning sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c) Driving his semi tractor/trailer directly into the path of the vehicle being operated by decedent, which had the preferential right of way, without stopping whatsoever at the stop sign or, in any way, yielding to the Plaintiff's vehicle;

d) Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the warning for the stop sign and stop sign itself as he approached and entered the intersection without stopping or reducing his speed;

e) Consciously failing to keep his tractor/trailer under proper control at all times to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route 49;

f) Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi tractor/trailer, while proceeding east on County Road 300N by looking down and not ahead to observe traffic conditions, utterly disregarding the advance warning sign for the stop sign and the stop sign itself and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle which was clearly visible to him if he had consciously viewed all road conditions ahead of him.

**ANSWER:** This Defendant, Marten Transport Ltd., denies any and all allegations contained in Paragraph No. 6 including each and every subparagraph (a) through (f).

7. On or about October 2, 2023, and at all times relevant hereto, the semi tractor/trailer being operated by the Defendant BECKER was owned and maintained by the Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that the vehicle was owned by Marten Transport. Ltd., and denies the remaining allegations of Paragraph No. 7.

8. On October 2, 2023, the Defendant BECKER at all times was an agent and/or employee of the Defendant, MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and denies the remaining allegations contained in Paragraph No. 8.

9. On October 2, 2023, all of the aforementioned driving acts and driving conduct and willful and wanton acts and/or omissions set forth above of the Defendant BECKER were undertaken during the course of, within the scope of, the agency and employment of Defendant BECKER with Defendant MARTEN for the benefit of Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and denies the remaining allegations contained in Paragraph No. 9.

10. Under the doctrine of *Respondeat Superior,* Defendant MARTEN is liable for the wilful and wanton driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused herein.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 10.

11. That as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of the Defendant BECKER, Defendant BECKER entered into the aforementioned intersection without stopping directly into the path of the Plaintiff's decedent's southbound vehicle, proximately causing a collision between said vehicles.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that contact occurred between the two vehicles, but denies any and all remaining allegations contained in Paragraph 11.

12. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing wilful and wanton conduct of the Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiffs decedent, the decedent was proximately caused to die.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 12.

13. The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

    a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

    b) Dustin Reetz, son of the decedent;

    c) Brandon Reetz, son of the decedent;

    d) Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 13 including each and every subparagraph (a) through (d) and demands strict proof thereof.

14. On or about October 2, 2023, as a direct and proximate result of the wilful and wanton conduct of the Defendant BECKER as set forth above, the collision between the semi tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiffs decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they received from her and would have continued to receive from her for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature and denies that plaintiff was injured in the nature and to the extent alleged.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 14.

15. This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

# **PRAYER FOR RELIEF**

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Plaintiff's Prayer for Relief, states as follows:

1. That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

   a) their grief, sorrow and mental suffering,

   b) their loss of society from the decedent, including love, guidance, affection and companionship, and

   c) their loss of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death;

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 1 including each and every subparagraph (a) through (c) and denies that plaintiff was injured in the nature and to the extent alleged.

2. That the Plaintiff be awarded any other damages as the Court deems just and proper, including costs.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 2.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

**THE DEFENDANT DEMANDS TRIAL BY JURY**

**DEFENDANT MARTEN TRANSPORT LTD.'S
AFFIRMATIVE DEFENSES**

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., pleading in the alternative and without prejudice to its denials, asserts the following Affirmative Defenses to Plaintiff's Amended Complaint at Law:

1. The decedent, BETTY JO REETZ, owed a duty to herself to operate her vehicle for her own safety.

2. In violation of that duty, the decedent, BETTY JO REETZ committed one or more of the following careless and negligent acts or omissions that proximately caused or contributed to the cause of plaintiff's alleged injuries:

   a. Negligently and carelessly failed to keep a proper lookout for other vehicles the roadway and for her own safety;

   b. Negligently and carelessly failed to decrease the speed of her vehicle to avoid a collision, in violation of 625 ILCS 5/11-601(a);

   c. Negligently and carelessly driving at a speed greater than what was reasonable and proper, in violation of 625 ILCS 5/11-601(a);

   d. Negligently and carelessly failed to properly operate, maintain and control her vehicle;

   e. Negligently and carelessly failed to operate said vehicle in a reasonably safe manner so as not to cause injury to herself or others;

    f. Negligently and carelessly failed to warn Defendant's driver, THOMAS BECKER, by honking her horn; and

    g. Was otherwise careless and/or negligent.

  3. If the jury finds that the comparative fault of the decedent, BETTY JO REETZ exceeds fifty percent (50%) of the proximate cause of the injury for which recovery is sought pursuant to the plaintiffs' Complaint at Law, the plaintiff, ROBERT REETZ, executor of the estate of BETTY JO REETZ, should be barred from recovering damages whatsoever.

  4. If the jury finds the contributory fault of plaintiff to be fifty percent (50%) or less of the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's Complaint at Law, plaintiff's recovery must be reduced in proportion to plaintiff's contributory fault.

  WHEREFORE, the Defendant, MARTEN TRANSPORT, LTD., denies that plaintiff, ROBERT REETZ, is entitled to judgment in any amount whatsoever and prays that judgment be entered in favor of the Defendant and against the plaintiff, and for such other relief as deemed just and appropriate by this Court.

              Respectfully submitted,
              THE HUNT LAW GROUP, LLC.

              */s/ Brian J. Hunt*
              By: Brian J. Hunt

Brian J. Hunt
ARDC #6299658
Attorney for Defendants
THE HUNT LAW GROUP, LLC.
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
Direct: (312) 384-2300
Fax: (312) 443-9391
bhunt@hunt-lawgroup.com