E-FILED
Monday, 09 September, 2024  03:21:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:23-cv-02255 |
| v. | ) ) ) |
| THOMAS BECKER and MARTEN TRANSPORT, LTD., | ) ) ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COMES the Plaintiff, ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased, by his attorney, FREDERICK & HAGLE, and pursuant to Federal Rule of Civil Procedure 15(a)(2), states as follows:

1. This Court's Scheduling Order adopting the parties' Discovery Plan provides a deadline for the amendment of pleadings on September 13, 2024, which has not yet passed. Discovery is not yet closed.

2. Plaintiff's right to amend his complaint to seek punitive damages is governed by Federal Rule of Civil Procedure 15(a). *Probasco v. Ford Motor Co.*, 182 F.Supp.2d 701, 704 (C.D.Ill. 2002).

3. Federal Rule 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004).

4. This amendment is not being brought to create undue delay, or pursuant to bad faith or any dilatory motive, will not result in unfair prejudice to the Defendants, and is not futile.

5. The parties have exchanged written discovery and conducted the depositions of several fact witnesses, including Defendant Thomas Becker.

6. The above referenced discovery has revealed additional facts to the Plaintiff regarding the conduct of both Defendants.

7. Specifically, discovery has revealed evidence regarding the policies of Defendant Marten Transport, Ltd., the hiring of Defendant Becker, and the driving conduct of Defendant Becker on the date of the occurrence. These facts are more fully set forth in the proposed First Amended Complaint.

8. Under Illinois law, punitive damages depend on willful and wanton conduct. *Jentz v. ConAgra Foods, Inc.*, 767 F.3d 688, 693 (7th Cir. 2014). The Illinois Supreme Court has defined willful and wanton misconduct as "a course of action showing actual intent or reckless disregard for the safety of others." *Neuhengen v. Global Experience Specialists, Inc.*, 2018 IL App (1st) 160322, ¶ 133. This includes conduct involving "a failure, after knowledge of impending

danger, to exercise ordinary care to prevent the danger." *Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267, 274 (1994).

9. Discovery has revealed that Defendant Becker knew that his driving conduct on October 2, 2023 was unsafe and that he chose to engage in such conduct with this knowledge.

10. Discovery has revealed that Defendant Marten was complicit in the willful and wanton conduct of Defendant Becker as its own policies and procedures resulted in Becker operating his vehicle while distracted and at an excessive speed.

11. Discovery has also revealed that Defendant Marten was aware and/or willfully ignorant of Defendant Becker's prior driving record which should have and would have revealed his inability to operate his vehicle in a safe manner, but still chose to hire and retain him to do so.

12. The conduct of Defendants demonstrates a reckless disregard for the safety of others.

13. Plaintiff desires to amend his Complaint as set forth in the attached First Amended Complaint to add a prayer for punitive damages and additional counts consistent with facts learned in discovery.

14. Justice requires the Plaintiff be given leave to amend his complaint to add direct counts against Defendant Marten Transport, Ltd. and to seek punitive damages from both Defendants.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff Motion for Leave to File a Second Amended Complaint, attached hereto as Exhibit A.

        Respectfully Submitted,
        ROBERT REETZ, Executor of the
        Estate of BETTY JO REETZ, deceased,
        Plaintiff.

        BY:    */s/ James J. Hagle*
                James J. Hagle

FREDERICK & HAGLE
Attorneys for the Plaintiff
129 West Main Street
Urbana, Illinois 61801
T: 217/367-6092
F: 217/367-9025
Jhagle@frederickandhagle.com
ALauter@frederickandhagle.com
smoore-testory@frederickandhagle.com