IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased, | ) ) ) | |
| | ) | |
| Plaintiff | ) | Case No.  2:23-cv-02255 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS BECKER and MARTEN TRANSPORT, LTD., | ) ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendants. | ) | |

## <u>FIRST AMENDED COMPLAINT</u>

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the estate of BETTY JO REETZ, deceased, as his First Amended Complaint and Jury Demand states as follows:

### NATURE OF THE ACTION

1.      This is an action brought by ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois Wrongful Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin of the decedent, BETTY JO REETZ.

### PARTIES, JURISDICTION, AND VENUE

2.      The decedent, BETTY JO REETZ, at the time of her death and the occurrence described herein, was a citizen of the State of Illinois.

3.      The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

4.      The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

5.      The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

6.      This Court has original jurisdiction under 28 U.S.C. §1332(a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

7.      Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

## CLAIMS FOR RELIEF

### Count I
### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker
### Negligence

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count I of his First Amended Complaint and Jury Demand against the Defendant, THOMAS BECKER, states as follows:

1.      On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.      That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.      Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.      Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.      That, at all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi-tractor/trailer he was driving, respecting the safety and well-being of others, including Plaintiff's decedent herein.

6.      Despite said duty, Defendant BECKER, breached said duty in one, or more, of the following ways:

    a.  Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

    b.  Failing to reduce his speed when approaching an intersection in violation of 625 ILCS 5/11-601(a);

    c.  Driving in excess of the speed limit in violation of 625 ILCS 5/11-601(b);

    d.  Looking away from the roadway for several seconds, at least 5 to 6 or more, while operating his vehicle at an excessive speed and approaching, and entering, the intersection;

    e.  Driving while distracted and looking down, rather than at the roadway, from west of the "stop ahead" sign until he entered the intersection;

    f.  Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operating by the decedent;

    g.  Failing to keep a proper lookout for a "stop ahead" sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering the intersection;

    h.  Operating his semi-tractor/trailer at an excessive rate of speed as he proceeded east on 300N approaching and entering into the intersection thereof with Illinois Route 49 considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

    i.  Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded cast on 300N;

    j.  Utilizing cruise control set in excess of the speed limit in the operation of his semi-tractor/trailer on an unfamiliar road despite knowing it was unsafe to do so.

7.    On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

8.    On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

9.    The next of kin of the decedent at the time of her death, and the relationship to the decedent are as follows:

    a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

    b) Dustin Reetz, son of the decedent;

    c) Brandon Reetz, son of the decedent;

    d) Dylan Reetz, son of the decedent.

10.    On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and which decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

11.    This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, THOMAS BECKER, on Count I of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

## Count II
### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Marten Transport, Ltd.
### *Respondeat Superior*

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count II of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, LTD., states as follows:

1.    On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.    That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.    Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.    Traffic proceeding east on County Road 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.    At all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi-tractor/trailer he was driving, respecting the safety and well-being of others, including the Plaintiff's decedent herein.

6.    Despite said duty, Defendant BECKER, breached said duty in one, or more, of the following ways:

a.    Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

b.    Failing to reduce his speed when approaching an intersection in violation of 625 ILCS 5/11-601(a);

c.    Driving in excess of the speed limit in violation of 625 ILCS 5/11-601(b);

d.    Looking away from the roadway for several seconds, at least 5 to 6 or more, while operating his vehicle at an excessive speed and approaching, and entering, the intersection;

e.    Driving while distracted and looking down, rather than at the roadway, from west of the "stop ahead" sign until he entered the intersection;

f.    Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the path of the vehicle proceeding south on Illinois Route 49 being operated by the decedent;

g.    Failing to keep a proper lookout for the advance warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering into the intersection;

h.    Operating his motor vehicle at an excessive rate of speed considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

    i.   Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N;

    k.   Utilizing cruise control set in excess of the speed limit in the operation of his semi-tractor/trailer on an unfamiliar road despite knowing it was unsafe to do so.

7.    On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

8.    On or about October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die on October 2, 2023.

9.    On or about October 2, 2023, and at all times relevant hereto, the vehicle being operated by Defendant BECKER was owned and maintained by Defendant MARTEN.

10.    At all times relevant hereto, and on October 2, 2023, Defendant BECKER was driving said semi-tractor/trailer within the scope of, and in the course of, his employment with Defendant MARTEN, as an agent and employee for his employer, Defendant MARTEN.

11.    Under the doctrine of *respondeat superior,* Defendant MARTEN is liable for the driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused thereby as set forth herein.

12.    The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

    a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

    b) Dustin Reetz, son of the decedent;

    c) Brandon Reetz, son of the decedent;

    d) Dylan Reetz, son of the decedent.

13.    On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKER, as an agent of Defendant, MARTEN, as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

14.    This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count II of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

### Count III
### Robert Reetz. Executor of the Estate of Betty. Jo Reetz v. Thomas Becker
### Willful and Wanton Conduct

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count III of his First Amended Complaint and Jury Demand against the Defendant, THOMAS BECKER, states as follows:

1.    On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet

Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.     Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.     Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.     Prior to October 2, 2023, Defendant BECKER was not familiar with 300N in Iroquois County, Illinois.

6.     Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control in the operation of his semi-tractor/trailer on roads that he was unfamiliar with.

7.     Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control on roads other than interstate highways.

8.     As Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though he knew the speed limit was 55 m.p.h.

9.     As Defendant BECKER approached the intersection of 300N and Illinois Route 49, as he was west of the "stop ahead" sign until he entered the intersection, he looked down and away from the roadway for a total of at least 5 to 6 seconds, or more.

10.     As he proceeded East on 300N, Defendant BECKER failed to ever see the "stop ahead" sign.

11.     As he proceeded East on 300N, Defendant BECKER failed to see the stop sign until he was already entering the intersection.

12.    That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his semi-tractor/trailer which would show an utter indifference to, and/or a conscious disregard for, the safety of others, including the decedent.

13.    Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

   a.    Consciously and knowingly driving a semi-tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed in violation of 625 ILCS 5/11-601(a);

   b.    Consciously choosing to look down for several seconds, at least 5 to 6 or more, while operating his semi-tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, from west of the "stop ahead" sign until he entered the intersection, and not looking forward to pay any attention to other traffic and traffic conditions, including the "stop ahead" sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

   c.    Consciously choosing to look down while operating his vehicle and failing to see the "stop ahead" sign for the stop sign at the approaching intersection;

   d.    Consciously choosing to look down while operating his vehicle and failing to see the stop sign for the aforementioned intersection until his vehicle was already immediately adjacent to the sign;

   e.    Driving his semi-tractor/trailer directly into the path of the vehicle being operated by decedent, blocking the entire lane southbound travel, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle in violation of 625 ILCS 5/11-1204(b);

   f.    Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi-

tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the "stop ahead" sign, and the stop sign itself, as he approached and entered the intersection at 60 m.p.h without stopping reducing his speed, or making any effort to reduce his speed;

g.  Consciously failing to keep his semi-tractor/trailer under proper control at all times as he proceeded east on 300N to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route 49;

h.  Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi-tractor/trailer, while proceeding east on County Road 300N, by looking down and not ahead to observe traffic and road conditions, utterly disregarding the "stop ahead" sign for the stop sign and the stop sign itself, and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle, which was clearly visible to him if he had consciously viewed all road conditions ahead of him;

i.  Consciously choosing to set his cruise control in excess of the speed limit, in violation of 625 ILCS 5/11-601(b), when he was aware that it was unsafe to do so on 300N, a county road that he was not familiar with;

j.  Consciously failing to disengage his cruise control as he approached and entered into the intersection;

k.  Consciously choosing to operate his vehicle in a fashion that violated local laws, ordinances, and regulations as set forth above, in violation of 49 C.F.R.§392.2;

l.  Consciously choosing to operate his vehicle without sufficient knowledge of procedures for safe vehicle operations, basic control of his vehicle, visual search, and speed management, in violation of 49 C.F.R. §383.111(a);

m.  Consciously failing to keep a proper lookout by looking twelve to fifteen (12-15) seconds ahead in violation of Section 2.4 of the Louisiana Commercial

Driver's License Manual which governed the issuance of his commercial driver's license.

14. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

15. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

16. The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

 a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

 b) Dustin Reetz, son of the decedent;

 c) Brandon Reetz, son of the decedent;

 d) Dylan Reetz, son of the decedent.

17. On or about October 2, 2023, as a direct and proximate result of the willful and wanton conduct of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they have received from her and would have continued to receive from her for the rest of their lives and have been deprived of other valuable services and income, which they were accustomed to, and which contributing to them but for her death, all of which damages are of a continuing and permanent nature.

18.    This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the DECEDENT.

19.    At all times relevant hereto, Defendant BECKER knew that the conduct described above created a high degree of probability of injury and his willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for Judgment against the Defendant, THOMAS BECKER, on Count III of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and punitive damages sufficient to punish Defendant BECKER'S willful and wanton conduct and discourage him and others from similar conduct and the Plaintiff further demands a trial by a jury.

### Count IV
### Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.
### Willful and Wanton Conduct-*Respondeat Superior*

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count IV of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, LTD., states as follows:

1.    On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.    That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection

thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.      Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.      Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.      Prior to October 2, 2023, Defendant BECKER was not familiar with 300N in Iroquois County, Illinois.

6.      Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control in the operation of his semi-tractor/trailer on roads that he was unfamiliar with.

7.      Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control on roads other than interstate highways.

8.      As Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though he knew the speed limit was 55 m.p.h.

9.      As Defendant BECKER approached the intersection of 300N and Illinois Route 49, as he was west of the "stop ahead" sign until he entered the intersection, he had looked down and away from the roadway for a total of at least 5 to 6 seconds, or more.

10.     As he proceeded East on 300N, Defendant BECKER failed to ever see the "stop ahead" sign.

11.     As he proceeded East on 300N, Defendant BECKER failed to see the stop sign until he was already entering the intersection.

12.     That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his semi-tractor/trailer which would show an utter indifference to, and/or a conscious disregard for, the safety of others, including the decedent.

13.     Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

a. Consciously and knowingly driving a semi-tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed in violation of 625 ILCS 5/11-601(a);

b. Consciously choosing to look down for several seconds, at least 5 to 6 or more, while operating his semi-tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, from west of the "stop ahead" sign until he entered the intersection, and not looking forward to pay any attention to other traffic and traffic conditions, including the "stop ahead" sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c. Consciously choosing to look down while operating his vehicle and failing to see the "stop ahead" sign for the stop sign at the approaching intersection;

d. Consciously choosing to look down while operating his vehicle and failing to see the stop sign for the aforementioned intersection until his vehicle was already immediately adjacent to the sign;

e. Driving his semi-tractor/trailer directly into the path of the vehicle being operated by decedent, blocking the entire lane southbound travel, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle in violation of 625 ILCS 5/11-1204(b);

f. Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi-tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the "stop ahead" sign, and the stop sign itself, as he approached and entered the intersection at 60 m.p.h without stopping reducing his speed, or making any effort to reduce his speed;

g.  Consciously failing to keep his semi-tractor/trailer under proper control at all times as he proceeded east on 300N to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route 49;

h.  Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi-tractor/trailer, while proceeding east on County Road 300N, by looking down and not ahead to observe traffic and road conditions, utterly disregarding the "stop ahead" sign for the stop sign and the stop sign itself, and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle, which was clearly visible to him if he had consciously viewed all road conditions ahead of him;

i.  Consciously choosing to set his cruise control in excess of the speed limit, in violation of 625 ILCS 5/11-601(b), when he was aware that it was unsafe to do so on 300N, a county road that he was not familiar with;

j.  Consciously failing to disengage his cruise control as he approached and entered into the intersection;

k.  Consciously choosing to operate his vehicle in a fashion that violated local laws, ordinances, and regulations as set forth above, in violation of 49 C.F.R.§392.2;

l.  Consciously choosing to operate his vehicle without sufficient knowledge of procedures for safe vehicle operations, basic control of his vehicle, visual search, and speed management, in violation of 49 C.F.R. §383.111(a);

m.  Consciously failing to keep a proper lookout by looking twelve to fifteen (12-15) seconds ahead in violation of Section 2.4 of the Louisiana Commercial Driver's License Manual which governed the issuance of his commercial driver's license

14.  On or about October 2, 2023, and at all times relevant hereto, the semi-tractor/trailer being operated by the Defendant BECKER was owned and maintained by the Defendant MARTEN.

15.     On October 2, 2023, the Defendant BECKER at all times was an agent and/or employee of the Defendant, MARTEN.

16.     On October 2, 2023, all of the aforementioned driving acts and driving conduct and willful and wanton acts and/or omissions set forth above of the Defendant BECKER were undertaken during the course of, within the scope of, the agency and employment of Defendant BECKER with Defendant MARTEN for the benefit of Defendant MARTEN.

17.     Under the doctrine of *Respondeat Superior*, Defendant MARTEN is liable for the willful and wanton driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused herein.

18.     That as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, Defendant BECKER entered into the aforementioned intersection without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

19.     On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

20.     The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

        a.   The Plaintiff, ROBERT REETZ, spouse of the decedent;

        b.   Dustin Reetz, son of the decedent;

        c.   Brandon Reetz, son of the decedent;

        d.   Dylan Reetz, son of the decedent.

21.     On or about October 2, 2023, as a direct and proximate result of the willful and wanton conduct of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the

death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they received from her and would have continued to receive from her for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

22.    This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

23.    At all times relevant hereto, Defendant BECKER knew that the conduct described above created a high degree of probability of injury and his willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count IV of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

### Count V
### Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.
### Negligent Hiring and Retention

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count V of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, states as follows:

1.    On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.      That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.      Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.      Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.      On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

6.      On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

7.      On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

8.      On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of travel for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

9.      At all times relevant hereto, Defendant MARTEN had a duty to exercise ordinary care in the process of investigation, screening, hiring, and/or retaining its employees in order to protect members of the public, including decedent, against unreasonable risks of harm.

10.     Defendant breached said duty in one, or more, of the following ways:

a. Failing to contact AAA Cooper, Defendant BECKER's most recent employer at the time of hire, as required by 49 C.F.R. §391.23, to inquire as to his record and/or skill in operating vehicles for AAA Cooper;

b. Failing to determine that Defendant BECKER had received two (2) separate speeding citations while operating a semi-tractor/trailer on behalf of AAA Cooper;

c. Failing to determine that Defendant BECKER had received multiple additional speeding citations in the use of his personal vehicle prior to being hired by Defendant MARTEN;

d. Failing to determine that Defendant BECKER had been previously involved in a motor vehicle collision in 2017, as a result of his failing to yield the right-of-way to another vehicle;

e. Failing to determine that Defendant BECKER had been suspended by AAA Cooper due to operating his vehicle in an unsafe manner as a result of improper lane usage;

f. Hiring Defendant BECKER despite his history of unsafe driving, including, but not limited to multiple speeding tickets, an accident resulting from his failure to yield the right-of-way and unsafe driving conduct resulting in a three (3) day suspension from his immediate prior employer;

g. Hiring and retaining Defendant BECKER to operate commercial motor vehicles on behalf of Marten Transport when it knew, or in the exercise of reasonable diligence, would have known, of his history of unsafe operation of a commercial vehicle.

11. Defendant MARTEN's negligent acts and/or omissions in hiring and retaining Defendant BECKER as its employee, though it knew, or should have known, of his inadequacies as a commercial vehicle operator, proximately caused Defendant BECKER'S driving conduct set forth above and the collision set forth above.

12. On October 2, 2023, as a direct and proximate result of the foregoing negligent conduct of the Defendant MARTEN, and as a direct and proximate result of the collision

between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

13.    The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

    a.    The Plaintiff, ROBERT REETZ, spouse of the decedent;

    b.    Dustin Reetz, son of the decedent;

    c.    Brandon Reetz, son of the decedent;

    d.    Dylan Reetz, son of the decedent.

14.    On October 2, 2023, as a direct and proximate result of the negligence of Defendant MARTEN in hiring and retaining Defendant BECKER, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

15.    This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count V of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

**Count VI**
**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**
**Willful and Wanton Conduct- Hiring and Retention**

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count VI of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.     Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.     Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.     On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

6.     On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

7.     On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

8.      On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of travel for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

9.      At all times relevant hereto, Defendant MARTEN had a duty to refrain from willful and wanton conduct in the process of investigation, screening, hiring, and/or retaining its employees in order to protect members of the public, including decedent, against unreasonable risks of harm.

10.     Defendant MARTEN breached said duty by engaging in willful and wanton conduct in the process of investigating, screening, and hiring Defendant BECKER to be an employee of the company, as he was unqualified to operate a commercial motor vehicle based upon his driving history and lack of skill.

11.     Defendant breached said duty in one, or more, of the following ways:

   a. Consciously choosing to not contact AAA Cooper, Defendant BECKER's most recent employer at the time of hire, as required by 49 C.F.R. § 391.23, to inquire as to his record and/or skill in operating vehicles for AAA Cooper;

   b. Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that that Defendant BECKER had received two (2) separate speeding citations while operating a semi-tractor trailer on behalf of AAA Cooper;

   c. Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that Defendant BECKER had received multiple additional speeding citations in the use of his personal vehicle prior to being hired by Defendant MARTEN;

   d. Consciously choosing to not to inquire with either prior employers of Defendant BECKER, Defendant BECKER himself, or any other source to learn that Defendant BECKER had been previously involved in a motor vehicle collision in 2017, as a result of his failing to yield the right-of-way to another vehicle;

e.  Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that Defendant BECKER had been suspended by AAA Cooper due to operating his vehicle in an unsafe manner as a result of improper lane usage;

f.  Consciously choosing to hire Defendant BECKER despite his history of unsafe driving, including, but not limited to multiple speeding tickets, an accident resulting from his failure to yield the right-of-way and unsafe driving conduct resulting in a three (3) day suspension from his immediate prior employer;

g.  Consciously choosing to hire and retain Defendant BECKER to operate commercial motor vehicles on behalf of Marten Transport when it knew, or in the exercise of reasonable diligence, would have known, of his history of unsafe operation of a commercial vehicle;

h.  Consciously choosing to permit Defendant BECKER to operate a commercial motor vehicle without determining that, by reason of experience or training, he could safely operate a commercial motor vehicle;

i.  Consciously choosing to hire Defendant Becker despite failing to comply with the investigation and inquiry requirements of 49 C.F.R. § 391.23.

12.  Defendant MARTEN's willful and wanton acts and/or omission in hiring and retaining Defendant BECKER as its employee, though it knew, or should have known, of his inadequacies as a commercial vehicle operator, proximately caused Defendant BECKER'S driving conduct set forth above and the collision set forth above.

13.  On October 2, 2023, as a direct and proximate result of the foregoing willful and wanton conduct of the Defendant MARTEN, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

14.  The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

a.  The Plaintiff, ROBERT REETZ, spouse of the decedent;

b.  Dustin Reetz, son of the decedent;

c.  Brandon Reetz, son of the decedent;

d.  Dylan Reetz, son of the decedent.

15.     On October 2, 2023, as a direct and proximate result of the willful and wanton misconduct of Defendant MARTEN in hiring and retaining Defendant BECKER, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

16.     This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

17.     At all times relevant hereto, Defendant MARTEN knew that the conduct described above created a high degree of probability of injury and its willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count VI of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and punitive damages sufficient to punish Defendant MARTEN'S willful and wanton conduct and discourage it and others from similar conduct and the Plaintiff further demands a trial by a jury.

**Count VII**
**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**
**Direct Negligence**

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count VII of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.     Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.     Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.     On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

6.     On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

7.     On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

8.      On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of travel for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

9.      On October 2, 2023, Defendant MARTEN had a duty to exercise ordinary care in its operations as an interstate motor carrier for the safety and wellbeing of other motorists on the roadway, including Plaintiff's decedent.

10.     Defendant MARTEN breached said duty in one or more of the following ways:

a.  Failing to have a policy prohibiting drivers of its motor vehicles from using a headset to listen to music while operating a commercial motor vehicle;

b.  Failing to have a policy to prohibit its drivers from utilizing cruise control in the operation of commercial motor vehicles on roadways other than interstate highways;

c.  Failing to enact policies and procedures ensuring that drivers' cell phones are placed in such a fashion so as to not distract the driver during the operation of the commercial motor vehicle;

d.  Failing to have a policy against the utilization of cruise control when it is unsafe to do so;

e.  Installing, or permitting the installation of, the Omnitrax device in such a manner so as to cause distractions to drivers of its vehicles;

f.  Failing to inspect the interior of the tractor to ensure that the placement of the Omnitrax device, including its wiring, and/or Defendant BECKER'S cell phone and other electronic devices would not create a distraction for Defendant BECKER while operating the vehicle.

11.     As a direct and proximate result of the negligence of Defendant MARTEN as set forth above, Defendant BECKER was operating his vehicle on Route 300N while utilizing cruise control in excess of the speed limit and listening to music through his headset and was otherwise distracted resulting in him running the stop sign and causing the collision as set forth above.

12.     On October 2, 2023, as a direct and proximate result the negligence of Defendant MARTEN and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

13.     The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

    a.  The Plaintiff, ROBERT REETZ, spouse of the decedent;

    b.  Dustin Reetz, son of the decedent;

    c.  Brandon Reetz, son of the decedent;

    d.  Dylan Reetz, son of the decedent.

14.     On October 2, 2023, as a direct and proximate result of the negligence of Defendant MARTEN as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

15.     This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count VII of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and the Plaintiff further demands a trial by a jury.

**Count VIII**
**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**
**Direct Willful and Wanton Conduct**

NOW COMES the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, by his attorneys, FREDERICK & HAGLE, and as Count VIII of his First Amended Complaint and Jury Demand against the Defendant, MARTEN TRANSPORT, states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

3.     Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

4.     Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

5.     On October 2, 2023, as Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

6.     On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 seconds, or more, as he approached the intersection with Illinois Route 49.

7.     On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

8.      On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of traffic for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

9.      On October 2, 2023, Defendant MARTEN had a duty to refrain from willful and wanton conduct in its operations as an interstate motor carrier for the safety and wellbeing of other motorists on the roadway, including Plaintiff's decedent.

10.     Defendant MARTEN breached said duty in one or more of the following ways:

a.  Consciously enacting policies that allowed drivers of its motor vehicles to use a headset to listen to music while operating a commercial motor vehicle;

b.  Consciously enacting policies that allowed its drivers to utilize cruise control in the operation of commercial motor vehicles on roadways other than interstate highways;

c.  Consciously failing to enact policies and procedures ensuring that drivers' cell phones are placed in such a fashion so as to not distract the driver during the operation of the commercial motor vehicle;

d.  Consciously failing to have a policy against the utilization of cruise control when it is unsafe to do so;

e.  Consciously choosing to install, or permit the installation of, the Omnitrax device in such a manner so as to cause distractions to drivers of its vehicles;

f.  Consciously choosing to allow distractions within the cab of the tractor by choosing to not inspect the interior of the tractor to ensure that the placement of the Omnitrax device, including its wiring, and/or Defendant BECKER'S cell phone and other electronic devices would not create a distraction for Defendant BECKER while operating the vehicle.

11.     As a direct and proximate result of the willful and wanton conduct of Defendant MARTEN as set forth above, Defendant BECKER was operating his vehicle on Route 300N while utilizing cruise control in excess of the speed limit and listening to music

through his headset and was otherwise distracted resulting in him running the stop sign and causing the collision as set forth above.

12.     On October 2, 2023, as a direct and proximate result of the foregoing willful and wanton conduct of Defendant MARTEN, and as a direct and proximate result of the collision between the vehicle being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

13.     The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

 a. The Plaintiff, ROBERT REETZ, spouse of the decedent;

 b. Dustin Reetz, son of the decedent;

 c. Brandon Reetz, son of the decedent;

 d. Dylan Reetz, son of the decedent.

14.     On October 2, 2023, as a direct and proximate result of the willful and conduct of Defendant MARTEN, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

15.     This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

16.     At all times relevant hereto, Defendant MARTEN knew that the conduct described above created a high degree of probability of injury and its willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

WHEREFORE, the Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, Deceased, respectfully prays for judgment against the Defendant, MARTEN TRANSPORT, LTD., on Count VIII of his First Amended Complaint for a sum greatly in excess of Seventy Five Thousand Dollars, in an amount commensurate with the injuries and damages suffered, plus costs of suit, and punitive damages sufficient to punish Defendant MARTEN'S willful and wanton conduct and discourage it and others from similar conduct and the Plaintiff further demands a trial by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, accordingly and respectfully prays for Judgment against the Defendants, THOMAS BECKER and MARTEN TRANSPORT, LTD., as follows:

1. That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

    a) their grief, sorrow and mental suffering,

    b) their loss of society from the decedent, including love, guidance, affection and companionship, and

    c) their loss of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death;

2. That the Plaintiff be awarded punitive damages sufficient to punish Defendant BECKER'S and Defendant MARTEN'S willful and wanton conduct and discourage them and others from similar conduct.

3. That the Plaintiff be awarded any other damages as the Court deems just and proper, including costs.

## JURY DEMAND

The Plaintiff, ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, respectfully demands that the issues created herein be tried by a jury.

Respectfully submitted,
ROBERT REETZ, as Executor of the ESTATE
OF BETTY JO REETZ, Plaintiff


BY:    *s/ James J. Hagle*
      James J. Hagle


FREDERICK & HAGLE
Attorneys for Plaintiff
129 West Main Street
Urbana, IL 61801
Tel: 217/367-6092
Fax: 217/367-9025
Jhagle@frederickandhagle.com
ALauter@frederickandhagle.com
smoore-testory@frederickandhagle.com