E-FILED
Friday, 11 October, 2024  05:04:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT REETZ, Executor of the | ) | |
| Estate of BETTY JO REETZ, | ) | |
| deceased, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:23-cv-02255 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS BECKER and MARTEN | ) | |
| TRANSPORT, LTD., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendants. | ) | |

## DEFENDANT THOMAS BECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC.,

for his Answers and Affirmative Defenses to Plaintiff ROBERT REETZ'S First Amended

Complaint at Law states as follows:

### NATURE OF THE ACTION

1.      This is an action brought by ROBERT REETZ, as Executor of the Estate of

BETTY JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois

Wrongful Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin

of the decedent, BETTY JO REETZ.

**ANSWER:** This Defendant, Thomas Becker, denies that the wrongful Death Act has

been cited properly, denies the applicability thereof, and denies all remaining allegations

contained in Paragraph No. 1.

### PARTIES, JURISDICTION, AND VENUE

2.     The decedent, BETTY JO REETZ, at the time of her death and the occurrence described herein, was a citizen of the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 2 and demands strict proof thereof.

3.     The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4.     The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

**ANSWER:** This Defendant, Thomas Becker, admits that THOMAS BECKER is a citizen of the State of Louisiana but denies any and all remaining allegations contained in Paragraph No. 4.

5.     The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

**ANSWER:** This Defendant, Thomas Becker, admits that MARTEN TRANSPORT, LTD., is incorporated in the State of Wisconsin and does business in the State but denies any and all remaining allegations contained in Paragraph No. 5.

6.     This Court has original jurisdiction under 28 U.S.C. §1332(a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:** This Defendant, Thomas Becker, admits that an original jurisdiction under 28 U.S.C. Section 1332 (a) exists, but denies any and all remaining allegations contained in Paragraph No. 6.

7.     Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that events giving rise to the claims occurred in Iroquois County, Illinois, but denies any and all remaining allegations contained in Paragraph No. 7.

## CLAIMS FOR RELIEF

### Count I

### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker

### Negligence

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for his Answers to Count I of Plaintiff's First Amended Complaint, states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned

by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3.    Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4.    Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Thomas Becker, admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5.    That, at all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi-tractor/trailer he was driving, respecting the safety and well-being of others, including Plaintiff's decedent herein.

**ANSWER:** This Defendant, Thomas Becker, admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 5.

6.    Despite said duty, Defendant BECKER, breached said duty in one, or more, of the following ways:

a.      Failing to stop at the stop sign for traffic proceeding east on 300N at

the intersection thereof with Illinois Route 49, in violation of 625 ILCS

5/11-1204(b) of the Illinois Motor Vehicle Code;

b.      Failing to reduce his speed when approaching an intersection in

violation of 625 ILCS 5/11-601(a);

c.      Driving in excess of the speed limit in violation of 625 ILCS 5/11-601(b);

d.      Looking away from the roadway for several seconds, at least 5 to 6 or

more, while operating his vehicle at an excessive speed and approaching, and

entering, the intersection;

e.      Driving while distracted and looking down, rather than at the roadway,

from west of the "stop ahead" sign until he entered the intersection;

f.      Entering the aforementioned intersection of Illinois Route 49 and County

Road 300N without stopping, and before it was reasonably safe to do so, directly

into the path of the vehicle proceeding south on Illinois Route 49 being operating

by the decedent;

g.      Failing to keep a proper lookout for a "stop ahead" sign for the stop sign

and for the stop sign as he was proceeding east on 300N approaching the

intersection with Illinois Route 49 although both signs were clearly visible and

provided adequate warning to him to stop before entering the intersection;

h.      Operating his semi-tractor/trailer at an excessive rate of speed as he

proceeded east on 300N approaching and entering into the intersection thereof

with Illinois Route 49 considering the road and traffic conditions, in violation of

625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

  i. Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded cast on 300N;

  j. Utilizing cruise control set in excess of the speed limit in the operation of his semi-tractor/trailer on an unfamiliar road despite knowing it was unsafe to do so.

  **ANSWER:** This Defendant, Thomas Becker, admits to entering the subject intersection without stopping, and denies all remaining allegations contained in Paragraph No. 6 including each and every subparagraph (a) through (j).

  7. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

  **ANSWER:** This Defendant, Thomas Becker, denies the allegations contained in Paragraph No. 7.

  8. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

  **ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 8.

9. The next of kin of the decedent at the time of her death, and the relationship to the decedent are as follows:

     a) The Plaintiff, ROBERT REETZ, spouse of the decedent;

     b) Dustin Reetz, son of the decedent;

     c) Brandon Reetz, son of the decedent;

     d) Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 9 including each and every subparagraph (a) through (d) and demands strict proof thereof.

10. On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and which decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 10, including that the next of kin and Plaintiff were injured in the nature and to the extent alleged.

11.     This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Thomas Becker, admits the existence of the Illinois Wrongful Death Act and denies that it has been cited accurately and denies the applicability thereof in Paragraph No. 11.

WHEREFORE, Defendant, THOMAS BECKER, denies that Plaintiff, ROBERT REETZ, is entitled to judgment against him for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## Count II

### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Marten Transport, Ltd.

#### *Respondeat Superior*

Defendant, THOMAS BECKER, makes no answer to Count II as the allegations set forth in Count II are not directed towards this Defendant and such allegations are deemed denied.

## Count III

### Robert Reetz. Executor of the Estate of Betty. Jo Reetz v. Thomas Becker

### Willful and Wanton Conduct

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for his Answers to Count III of Plaintiff's First Amended Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Thomas Becker, admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:**   This Defendant, Thomas Becker, admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5.   Prior to October 2, 2023, Defendant BECKER was not familiar with 300N in Iroquois County, Illinois.

**ANSWER:**   This Defendant, Thomas Becker, admits that prior to October 2, 2023, he was not familiar with 300N in Iroquois County, Illinois and denies the remaining allegations contained in Paragraph No 5.

6.      Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control in the operation of his semi-tractor/trailer on roads that he was unfamiliar with.

**ANSWER**: This Defendant, Thomas Becker, states no answer to the legal conclusion of "unsafe" and denies the remaining allegations contained in Paragraph No. 6.

7.      Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control on roads other than interstate highways.

**ANSWER:** This Defendant, Thomas Becker, states no answer to the legal conclusion of "unsafe" and denies the remaining allegations contained in Paragraph No. 7.

8.      As Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though he knew the speed limit was 55 m.p.h.

**ANSWER:**     This Defendant, Thomas Becker, admits that Becker traveled east on 300N, and denies all remaining allegations contained in Paragraph No. 8.

9.      As Defendant BECKER approached the intersection of 300N and Illinois Route 49, as he was west of the "stop ahead" sign until he entered the intersection, he had looked down and away from the roadway for a total of at least 5 to 6 seconds, or more.

**ANSWER:**    This Defendant, Thomas Becker, denies the allegations contained in Paragraph No. 9.

10.    As he proceeded East on 300N, Defendant BECKER failed to ever see the "stop ahead" sign.

**ANSWER:** This Defendant, Thomas Becker, admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 10.

11.    As he proceeded East on 300N, Defendant BECKER failed to see the stop sign until he was already entering the intersection.

**ANSWER:** This Defendant, Thomas Becker, admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 11.

12.    That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his semi-tractor/trailer which would show an utter indifference to, and/or a conscious disregard for, the safety of others, including the decedent.

**ANSWER:** This Defendant, Thomas Becker, admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 12, and denies the remaining allegations contained in the paragraph.

13.    Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

a.    Consciously and knowingly driving a semi-tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed in violation of 625 ILCS 5/11-601(a);

b.     Consciously choosing to look down for several seconds, at least 5 to 6 or more, while operating his semi-tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, from west of the "stop ahead" sign until he entered the intersection, and not looking forward to pay any attention to other traffic and traffic conditions, including the "stop ahead" sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c.     Consciously choosing to look down while operating his vehicle and failing to see the "stop ahead" sign for the stop sign at the approaching intersection;

d.     Consciously choosing to look down while operating his vehicle and failing to see the stop sign for the aforementioned intersection until his vehicle was already immediately adjacent to the sign;

e.     Driving his semi-tractor/trailer directly into the path of the vehicle being operated by decedent, blocking the entire lane southbound travel, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle in violation of 625 ILCS 5/11-1204(b);

f.     Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi-tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the "stop ahead" sign, and the stop sign itself, as he approached and entered the intersection at 60 m.p.h without stopping reducing his speed, or making any effort to reduce his speed;

g.     Consciously failing to keep his semi-tractor/trailer under proper control at all times as he proceeded east on 300N to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route 49;

h.     Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi-tractor/trailer, while proceeding east on County Road 300N, by looking down and not ahead to observe traffic and road conditions, utterly disregarding the "stop ahead" sign for the stop sign and the stop sign itself, and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle, which was clearly visible to him if he had consciously viewed all road conditions ahead of him;

i.     Consciously choosing to set his cruise control in excess of the speed limit, in violation of 625 ILCS 5/11-601(b), when he was aware that it was unsafe to do so on 300N, a county road that he was not familiar with;

j.     Consciously failing to disengage his cruise control as he approached and entered into the intersection;

k.     Consciously choosing to operate his vehicle in a fashion that violated local laws, ordinances, and regulations as set forth above, in violation of 49 C.F.R.§392.2;

l.     Consciously choosing to operate his vehicle without sufficient knowledge of procedures for safe vehicle operations, basic control of his vehicle, visual search, and speed management, in violation of 49 C.F.R. §383.111(a);

m.     Consciously failing to keep a proper lookout by looking twelve to fifteen (12-15) seconds ahead in violation of Section 2.4 of the Louisiana Commercial Driver's License Manual which governed the issuance of his commercial driver's license

**ANSWER:** This Defendant, Thomas Becker, admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 13, including each and every subparagraph (a) through (m).

14.     On or about October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

**ANSWER:** This Defendant, Thomas Becker, denies the allegations of Paragraph No. 14.

15.     On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between vehicles being operated by Defendant BECKER and the and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 15.

16.     The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

a.     The Plaintiff, ROBERT REETZ, spouse of the decedent;

b.     Dustin Reetz, son of the decedent;

c.     Brandon Reetz, son of the decedent;

d.     Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Thomas Becker, lacks sufficient information to admit or deny this allegation as written in Paragraph No. 16, including each and every subparagraph (a) through (d) and demands strict proof thereof.

17.     On or about October 2, 2023, as a direct and proximate result of the willful and wanton conduct of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they have received from her and would have continued to receive from her for the rets of their lives and have been deprived of other valuable services and income, which they were accustomed to, and which contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 17, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

18.     This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Thomas Becker admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof in Paragraph No. 18.

19.     At all times relevant hereto, Defendant BECKER knew that the conduct described above created a high degree of probability of injury and his willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

**ANSWER:** This Defendant, Thomas Becker, denies the allegations contained in Paragraph No. 19.

WHEREFORE, Defendant, THOMAS BECKER, denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## Count IV

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Willful and Wanton Conduct-*Respondeat Superior***

Defendant, THOMAS BECKER, makes no answer to Count IV as the allegations set forth in Count IV are not directed towards this Defendant and such allegations are deemed denied.

## Count V

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Negligent Hiring and Retention**

Defendant, THOMAS BECKER, makes no answer to Count V as the allegations set forth in Count V are not directed towards this Defendant and such allegations are deemed denied.

## Count VI

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Willful and Wanton Conduct- Hiring and Retention**

Defendant, THOMAS BECKER, makes no answer to Count VI as the allegations set forth in Count VI are not directed towards this Defendant and such allegations are deemed denied.

**Count VII**

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Direct Negligence**

Defendant, THOMAS BECKER, makes no answer to Count VII as the allegations set forth in Count VII are not directed towards this Defendant and such allegations are deemed denied.

**Count VIII**

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Direct Willful and Wanton Conduct**

Defendant, THOMAS BECKER, makes no answer to Count VIII as the allegations set forth in Count VIII are not directed towards this Defendant and such allegations are deemed denied.

**PRAYER FOR RELIEF**

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Plaintiff's Prayer for Relief, states as follows:

1. That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

   a. their grief, sorrow and mental suffering,

   b. their loss of society from the decedent, including love, guidance, affection and companionship, and

   c. their loss of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death;

**ANSWER:**     This Defendant, Thomas Becker, acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No.1, including each and every subparagraph (a) through (c) and denies that Plaintiff was injured in the nature and to the extent alleged.

2. That the Plaintiff be awarded punitive damages sufficient to punish Defendant BECKER'S and Defendant MARTEN'S willful and wanton conduct and discourage them and others from similar conduct.

**ANSWER:**     This Defendant, Thomas Becker, denies the allegations contained in Paragraph No. 2.

3. That the Plaintiff be awarded any other damages as the Court deems just and proper, including costs.

**ANSWER:**     This Defendant, Thomas Becker, denies the allegations contained in Paragraph No. 3.

WHEREFORE, Defendant, THOMAS BECKER, denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of

judgment in its favor and for such other relief as this Honorable Court deems just and
appropriate.

**THE DEFENDANT DEMANDS TRIAL BY JURY**

**<u>DEFENDANT THOMAS BECKER'S</u>**

**<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant, THOMAS BECKER, by his attorneys, THE HUNT LAW GROUP, LLC.,
pleading in the alternative and without prejudice to its denials, asserts the following Affirmative
Defenses to Plaintiff's First Amended Complaint at Law:

1.  The decedent, BETTY JO REETZ, owed a duty to herself to operate her vehicle for
her own safety.

2.  In violation of that duty, the decedent, BETTY JO REETZ committed one or more
of the following careless and negligent acts or omissions that proximately caused or contributed
to the cause of Plaintiff's alleged injuries:

    a.  Negligently and carelessly failed to keep a proper lookout for other vehicles
on the roadway and for her own safety, in violation of Illinois statute 625
ILCS 5/11-503 (a);

    b.  Negligently and carelessly failed to decrease the speed of her vehicle to avoid
a collision, in violation of 625 ILCS 5/11-601(a);

    c.  Negligently and carelessly driving at a speed greater than what was reasonable
and proper, in violation of 625 ILCS 5/11-601(a);

    d.  Negligently and carelessly failed to properly operate, maintain and control her
vehicle in violation of Illinois statute 625 ILCS 5/11-503(a);

  e. Negligently and carelessly failed to operate said vehicle in a reasonably safe manner so as not to cause injury or damage to herself or others in violation of Illinois statute 625 ILCS 5/11-503 (a);

  f. Negligently and carelessly failed to warn Defendant's driver, THOMAS BECKER, by not honking her horn in violation of Illinois statue  625 ILCS 5/12-601; and

  g. Was otherwise careless and/or negligent.

  3. If the jury finds that the comparative fault of the decedent, BETTY JO REETZ exceeds fifty percent (50%) of the proximate cause of the injury for which recovery is sought pursuant to the plaintiffs' Complaint at Law, the plaintiff, ROBERT REETZ, executor of the estate of BETTY JO REETZ, should be barred from recovering damages whatsoever.

  4. If the jury finds the contributory fault of plaintiff to be fifty percent (50%) or less of the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's Complaint at Law, plaintiff's recovery must be reduced in proportion to plaintiff's contributory fault.

  WHEREFORE, the Defendant, THOMAS BECKER, denies that Plaintiff, ROBERT REETZ, is entitled to judgment in any amount whatsoever and prays that judgment be entered in favor of the Defendant and against the plaintiff, and for such other relief as deemed just and appropriate by this Court.

         Respectfully submitted,
         THE HUNT LAW GROUP, LLC.
         */s/ Thomas A. Doggett*
         By: Thomas A. Doggett

Thomas A. Doggett
Attorney for Defendants
THE HUNT LAW GROUP, LLC.
70 West Madison Street, Suite 3050
Chicago, Illinois 60602
Direct: (312) 384-2322
Fax:      (312) 443-9391
tdoggett@hunt-lawgroup.com