**E-FILED**
Friday, 11 October, 2024  05:07:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBERT REETZ, Executor of the Estate of BETTY JO REETZ, deceased, | ) ) ) ) | |
| Plaintiff | ) ) | Case No. 2:23-cv-02255 |
| v. | ) ) | |
| THOMAS BECKER and MARTEN TRANSPORT, LTD., | ) ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) | |

## DEFENDANT MARTEN TRANSPORT, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for its Answers and Affirmative Defenses to Plaintiff ROBERT REETZ'S First Amended Complaint at Law states as follows:

### NATURE OF THE ACTION

1.       This is an action brought by ROBERT REETZ, as Executor of the Estate of BETTY JO REETZ, deceased, for money damages pursuant to, and authorized by, the Illinois Wrongful Death Act, 744 ILCS 188/1 et.seq., on behalf of, and for the benefit of, the next of kin of the decedent, BETTY JO REETZ.

**ANSWER:** This Defendant, Marten Transport Ltd., denies that the wrongful Death Act has been cited properly, denies the applicability thereof, and denies all remaining allegations contained in Paragraph No. 1.

### PARTIES, JURISDICTION, AND VENUE

2.      The decedent, BETTY JO REETZ, at the time of her death and the occurrence described herein, was a citizen of the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 2 and demands strict proof thereof.

3.      The Executor of the estate of BETTY JO REETZ, bringing this matter in his representative capacity, is a citizen of the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4.      The Defendant, THOMAS BECKER, is a citizen of the State of Louisiana.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that THOMAS BECKER is a citizen of the State of Louisiana but denies any and all remaining allegations contained in Paragraph No. 4.

5.      The Defendant, MARTEN TRANSPORT, LTD., is incorporated in, and has its principal place of business and headquarters in the State of Wisconsin.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that it is incorporated in the State of Wisconsin and does business in the State but denies any and all remaining allegations contained in Paragraph No. 5.

6.      This Court has original jurisdiction under 28 U.S.C. §1332(a) because this is a civil action where the amount in controversy exceeds the sum, or value, of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

7. **ANSWER:** This Defendant, Marten Transport Ltd., admits that an original jurisdiction under 28 U.S.C. Section 1332 (a) exists, but denies any and all remaining allegations contained in Paragraph No. 6.

8. Venue is proper in the Central District of Illinois, Urbana Division, under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Iroquois County, Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that events giving rise to the claims occurred in Iroquois County, Illinois, but denies any and all remaining allegations contained in Paragraph No. 7.

## CLAIMS FOR RELIEF

### Count I

### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Thomas Becker

### Negligence

Defendant, MARTEN TRANSPORT, LTD., makes no answer to Count I as the allegations set forth in Count I are not directed towards this Defendant and such allegations are deemed denied.

### Count II

### Robert Reetz, Executor of the Estate of Betty Jo Reetz v. Marten Transport, Ltd.

### *Respondeat Superior*

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count II of Plaintiff's First Amended Complaint, states as follows:

1.     On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2.     That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd. and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N and denies the remaining allegations of Paragraph No. 2.

3.     Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on County Road 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. At all times relevant hereto, it was the duty of Defendant BECKER to exercise ordinary and reasonable care in the operation of the semi-tractor/trailer he was driving, respecting the safety and well-being of others, including the Plaintiff's decedent herein.

**ANSWER:** This Defendant, Marten Transport Ltd., admits only those duties imposed by law and denies that said duties are accurately stated in Paragraph No. 5.

6. Despite said duty, Defendant BECKER, breached said duty in one, or more, of the following ways:

   a. Failing to stop at the stop sign for traffic proceeding east on 300N at the intersection thereof with Illinois Route 49, in violation of 625 ILCS 5/11-1204(b) of the Illinois Motor Vehicle Code;

   b. Failing to reduce his speed when approaching an intersection in violation of 625 ILCS 5/11-601(a);

   c. Driving in excess of the speed limit in violation of 625 ILCS 5/11-601(b);

   d. Looking away from the roadway for several seconds, at least 5 to 6 or more, while operating his vehicle at an excessive speed and approaching, and entering, the intersection;

   e. Driving while distracted and looking down, rather than at the roadway, from west of the "stop ahead" sign until he entered the intersection;

   f. Entering the aforementioned intersection of Illinois Route 49 and County Road 300N without stopping, and before it was reasonably safe to do so, directly into the

path of the vehicle proceeding south on Illinois Route 49 being operated by the decedent;

g. Failing to keep a proper lookout for the advance warning sign for the stop sign and for the stop sign as he was proceeding east on 300N approaching the intersection with Illinois Route 49 although both signs were clearly visible and provided adequate warning to him to stop before entering into the intersection;

h. Operating his motor vehicle at an excessive rate of speed considering the road and traffic conditions, in violation of 625 ILCS 5/11-601 of the Illinois Motor Vehicle Code;

i. Not keeping a proper lookout for the upcoming intersection, signs and other traffic approaching on Illinois Route 49 as he proceeded east on 300N;

k. Utilizing cruise control set in excess of the speed limit in the operation of his semi-tractor/trailer on an unfamiliar road despite knowing it was unsafe to do so.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 6 including each and every subparagraph (a) through (k).

7. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, the vehicle being operated by BECKER entered into the aforementioned intersection, without stopping or reducing his speed, directly into the path of the Plaintiff's decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 7.

8. On or about October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing negligent acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die on October 2, 2023.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 8.

9. On or about October 2, 2023, and at all times relevant hereto, the vehicle being operated by Defendant BECKER was owned and maintained by Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that the vehicle was owned by Marten Transport, Ltd., and denies the remaining allegations of Paragraph No. 9.

10. At all times relevant hereto, and on October 2, 2023, Defendant BECKER was driving said semi-tractor/trailer within the scope of, and in the course of, his employment with Defendant MARTEN, as an agent and employee for his employer, Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport, Ltd., and denies the remaining allegations contained in Paragraph No. 10.

11. Under the doctrine of *respondeat superior,* Defendant MARTEN is liable for the driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused thereby as set forth herein.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only those duties imposed by law and denies that said duties are accurately stated in Paragraph No. 11.

12. The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

   a)   The Plaintiff, ROBERT REETZ, spouse of the decedent;

   b)   Dustin Reetz, son of the decedent;

   c)   Brandon Reetz, son of the decedent;

   d)   Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 12, including each and every subparagraph (a) through (d) and demands strict proof thereof.

13. On October 2, 2023, as a direct and proximate result of the negligence of Defendant BECKER, as an agent of Defendant, MARTEN, as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 13, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

14. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## Count III

### Robert Reetz. Executor of the Estate of Betty. Jo Reetz v. Thomas Becker

### Willful and Wanton Conduct

Defendant, MARTEN TRANSPORT, LTD., makes no answer to Count III as the allegations set forth in Count III are not directed towards this Defendant and such allegations are deemed denied.

## Count IV

### Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.

### Willful and Wanton Conduct-*Respondeat Superior*

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count IV of Plaintiff's First Amended Complaint, states as follows:

1.  On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2.  That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3.  Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to

admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. Prior to October 2, 2023, Defendant BECKER was not familiar with 300N in Iroquois County, Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that prior to October 2, 2023, Tom Becker was not familiar with 300N in Iroquois County, Illinois and denies the remaining allegations contained in Paragraph No 5.

6. Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control in the operation of his semi-tractor/trailer on roads that he was unfamiliar with.

**ANSWER**: This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny the allegation of Paragraph No. 6, as it is written, and because it calls for speculation as to the knowledge of the driver, and demands strict proof thereof, Defendant states no answer to the legal conclusion of "unsafe" and denies the remaining allegations contained in Paragraph No. 6.

7. Prior to October 2, 2023, Defendant BECKER knew that it was unsafe to utilize cruise control on roads other than interstate highways.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny the allegation of Paragraph No. 7 as it is written, and because it calls for speculation as to the knowledge of the driver, demands strict proof thereof, Defendant states no answer to the legal conclusion of "unsafe" and denies the remaining allegations contained in Paragraph No. 6.

8. As Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though he knew the speed limit was 55 m.p.h.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Becker traveled east on 300N, and denies all remaining allegations contained in Paragraph No. 8.

9. As Defendant BECKER approached the intersection of 300N and Illinois Route 49, as he was west of the "stop ahead" sign until he entered the intersection, he had looked down and away from the roadway for a total of at least 5 to 6 seconds, or more.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 9.

10. As he proceeded East on 300N, Defendant BECKER failed to ever see the "stop ahead" sign.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 10.

11. As he proceeded East on 300N, Defendant BECKER failed to see the stop sign until he was already entering the intersection.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 11.

12. That at all times relevant hereto, it was the duty of Defendant BECKER to refrain from willful and wanton conduct in the operation of his semi-tractor/trailer which would show an utter indifference to, and/or a conscious disregard for, the safety of others, including the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 12, and denies the remaining allegations contained in the paragraph.

13. Despite said duty, the Defendant BECKER, breached this duty in one, or more, of the following ways:

a. Consciously and knowingly driving a semi-tractor/trailer at an excessive rate of speed well in excess of the speed limit, as he proceeded east on County Road 300N and approached and entered into the aforementioned intersection directly into the path of the vehicle being operated by decedent without stopping or reducing his speed in violation of 625 ILCS 5/11-601(a);

b. Consciously choosing to look down for several seconds, at least 5 to 6 or more, while operating his semi-tractor/trailer on 300N proceeding east and approaching the intersection of Illinois Route 49, from west of the "stop ahead" sign until he entered the intersection, and not looking forward to pay any attention to other traffic and traffic conditions, including the "stop ahead" sign for the stop sign, or the stop sign, causing him to enter into the intersection blindly;

c. Consciously choosing to look down while operating his vehicle and failing to see the "stop ahead" sign for the stop sign at the approaching intersection;

d. Consciously choosing to look down while operating his vehicle and failing to see the stop sign for the aforementioned intersection until his vehicle was already immediately adjacent to the sign;

e. Driving his semi-tractor/trailer directly into the path of the vehicle being operated by decedent, blocking the entire lane southbound travel, which had the preferential right of way, without stopping whatsoever at the stop sign, or in any way yielding to the Plaintiff's vehicle in violation of 625 ILCS 5/11-1204(b);

f. Consciously disregarding, and showing an utter indifference to, the safety of others on the roadway, including Plaintiff's decedent, by operating his semi-tractor/trailer at an excessive rate of speed on a county road, consciously looking down and not forward, while proceeding east on County Road 300N and consciously failing to see and respond to the "stop ahead" sign, and the stop sign itself, as he approached and entered the intersection at 60 mph without stopping reducing his speed, or making any effort to reduce his speed;

g. Consciously failing to keep his semi-tractor/trailer under proper control at all times as he proceeded east on 300N to avoid a collision with others vehicles while proceeding east on 300N and entering into the intersection Illinois Route 49;

h. Consciously failing to follow industry custom and practice, and his own training for the safe and proper operation of his semi-tractor/trailer, while proceeding east on County Road 300N, by looking down and not ahead to observe traffic and road conditions, utterly disregarding the "stop ahead" sign for the stop sign

and the stop sign itself, and consciously speeding when approaching and entering into the intersection directly into the path of Plaintiff's vehicle, which was clearly visible to him if he had consciously viewed all road conditions ahead of him;

i. Consciously choosing to set his cruise control in excess of the speed limit, in violation of 625 ILCS 5/11-601(b), when he was aware that it was unsafe to do so on 300N, a county road that he was not familiar with;

j. Consciously failing to disengage his cruise control as he approached and entered into the intersection;

k. Consciously choosing to operate his vehicle in a fashion that violated local laws, ordinances, and regulations as set forth above, in violation of 49 C.F.R.§392.2;

l. Consciously choosing to operate his vehicle without sufficient knowledge of procedures for safe vehicle operations, basic control of his vehicle, visual search, and speed management, in violation of 49 C.F.R. §383.111(a);

m. Consciously failing to keep a proper lookout by looking twelve to fifteen (12-15) seconds ahead in violation of Section 2.4 of the Louisiana Commercial Driver's License Manual which governed the issuance of his commercial driver's license

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Becker entered the intersection without stopping, and denies all remaining allegations contained in Paragraph No. 13, including each and every subparagraph (a) through (m).

14. On or about October 2, 2023, and at all times relevant hereto, the semi-tractor/trailer being operated by the Defendant BECKER was owned and maintained by the Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that the vehicle was owned by Marten Transport. Ltd., and denies the remaining allegations of Paragraph No. 14.

15. On October 2, 2023, the Defendant BECKER at all times was an agent and/or employee of the Defendant, MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and denies the remaining allegations contained in Paragraph No. 15.

16. On October 2, 2023, all of the aforementioned driving acts and driving conduct and willful and wanton acts and/or omissions set forth above of the Defendant BECKER were undertaken during the course of, within the scope of, the agency and employment of Defendant BECKER with Defendant MARTEN for the benefit of Defendant MARTEN.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and denies the remaining allegations contained in Paragraph No. 16.

17. Under the doctrine of *Respondeat Superior*, Defendant MARTEN is liable for the willful and wanton driving conduct and/or omissions of its agent and/or employee, Defendant BECKER, and all damages proximately caused herein.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only that duty imposed by law and denies that said duty is accurately stated in Paragraph No. 17.

18. That as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, Defendant BECKER entered into the aforementioned intersection without stopping or reducing his speed, directly into the path of the Plaintiff s decedent's southbound vehicle and blocking the entire lane of travel for southbound vehicles, proximately causing a collision between said vehicles.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 18.

19. On October 2, 2023, as a direct and proximate result of one, or more, or all of the foregoing willful and wanton acts and/or omissions of Defendant BECKER, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 19.

20. The next of kin of the decedent at the time of her death and the relationship to the decedent were as follows:

a. The Plaintiff, ROBERT REETZ, spouse of the decedent;

b. Dustin Reetz, son of the decedent;

c. Brandon Reetz, son of the decedent;

d. Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 20, including each and every subparagraph (a) through (d) and demands strict proof thereof.

21.   On or about October 2, 2023, as a direct and proximate result of the willful and wanton conduct of Defendant BECKER as set forth above, the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent, including damages for grief, sorrow and mental suffering, and a loss of society from the decedent, including the love, guidance, affection and companionship they received from her and would have continued to receive from her for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:**   This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 21, including that the next of kin of the decedent were injured in the nature and to the extent alleged.

22.   This cause is brought pursuant to, and authorized by, the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, denies that it has been cited accurately and denies the applicability thereof in Paragraph No. 22.

23. At all times relevant hereto, Defendant BECKER knew that the conduct described above created a high degree of probability of injury and his willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 23.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## Count V

## Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.

## Negligent Hiring and Retention

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count V of Plaintiff's First Amended Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Betty Jo Reetz was

traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was operating a 2022 Kenworth traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N and denies the remaining allegations contained in Paragraph No. 5.

6. On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 6.

7. On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N and denies the remaining allegations contained in Paragraph No. 7.

8. On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of travel for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Becker entered the intersection without stopping and denies the remaining allegations contained in Paragraph No. 8.

9. At all times relevant hereto, Defendant MARTEN had a duty to exercise ordinary care in the process of investigation, screening, hiring, and/or retaining its employees in order to protect members of the public, including decedent, against unreasonable risks of harm.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only those duties imposed by law and denies that said duties are accurately stated in Paragraph No. 9.

10. Defendant breached said duty in one, or more, of the following ways:

    a. Failing to contact AAA Cooper, Defendant BECKER's most recent employer at the time of hire, as required by 49 C.F.R. §391.23, to inquire as to his record and/or skill in operating vehicles for AAA Cooper;

    b. Failing to determine that Defendant BECKER had received two (2) separate speeding citations while operating a semi-tractor/trailer on behalf of AAA Cooper;

    c. Failing to determine that Defendant BECKER had received multiple additional speeding citations in the use of his personal vehicle prior to being hired by Defendant MARTEN;

    d. Failing to determine that Defendant BECKER had been previously involved in a motor vehicle collision in 2017, as a result of his failing to yield the right-of-way to another vehicle;

    e. Failing to determine that Defendant BECKER had been suspended by AAA Cooper due to operating his vehicle in an unsafe manner as a result of improper lane usage;

    f. Hiring Defendant BECKER despite his history of unsafe driving, including, but not limited to multiple speeding tickets, an accident resulting from his failure to yield the right-of-way and unsafe driving conduct resulting in a three (3) day suspension from his immediate prior employer;

    g. Hiring and retaining Defendant BECKER to operate commercial motor vehicles on behalf of Marten Transport when it knew, or in the exercise of reasonable

diligence, would have known, of his history of unsafe operation of a commercial vehicle.

**ANSWER:**   This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No.10, including each and every subparagraph (a) through (g).

11. Defendant MARTEN's negligent acts and/or omissions in hiring and retaining Defendant BECKER as its employee, though it knew, or should have known, of his inadequacies as a commercial vehicle operator, proximately caused Defendant BECKER'S driving conduct set forth above and the collision set forth above.

**ANSWER:**   This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 11.

12. On October 2, 2023, as a direct and proximate result of the foregoing negligent conduct of the Defendant MARTEN, and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:**   This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 12.

13.   The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

a.   The Plaintiff, ROBERT REETZ, spouse of the decedent;

b.   Dustin Reetz, son of the decedent;

c.   Brandon Reetz, son of the decedent;

d.   Dylan Reetz, son of the decedent.

**ANSWER:**    This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 13, including each and every subparagraph (a) through (d) and demands strict proof thereof.

14. On October 2, 2023, as a direct and proximate result of the negligence of Defendant MARTEN in hiring and retaining Defendant BECKER, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:**    This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 14, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

20. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, and denies that it has been cited accurately and the applicability thereof in Paragraph 20.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

**Count VI**

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Willful and Wanton Conduct- Hiring and Retention**

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count VI of Plaintiff's First Amended Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was

an employee of Marten Transport Ltd., and admits that he was traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N and denies the remaining allegations contained in Paragraph No. 5.

6. On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 6.

7. On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

**ANSWER:**     This Defendant, Marten Transport, Ltd., admits that Thomas Becker was traveling east on 300N, and denies the remaining allegations contained in Paragraph No. 7.

8. On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of travel for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

**ANSWER:**     This Defendant, Marten Transport, Ltd., admits that Becker entered the intersection without stopping and denies the remaining allegations contained in Paragraph No. 8.

9. At all times relevant hereto, Defendant MARTEN had a duty to refrain from willful and wanton conduct in the process of investigation, screening, hiring, and/or retaining its employees in order to protect members of the public, including decedent, against unreasonable risks of harm.

**ANSWER:**     This Defendant, Marten Transport, Ltd., admits only those duties imposed by law and denies that said duties are accurately stated in Paragraph No. 9.

10. Defendant MARTEN breached said duty by engaging in willful and wanton conduct in the process of investigating, screening, and hiring Defendant BECKER to be an employee of the company, as he was unqualified to operate a commercial motor vehicle based upon his driving history and lack of skill.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 10.

11. Defendant breached said duty in one, or more, of the following ways:

a. Consciously choosing to not contact AAA Cooper, Defendant BECKER's most recent employer at the time of hire, as required by 49 C.F.R. § 391.23, to inquire as to his record and/or skill in operating vehicles for AAA Cooper;

b. Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that that Defendant BECKER had received two (2) separate speeding citations while operating a semi-tractor trailer on behalf of AAA Cooper;

c. Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that Defendant BECKER had received multiple additional speeding citations in the use of his personal vehicle prior to being hired by Defendant MARTEN;

d. Consciously choosing to not to inquire with either prior employers of Defendant BECKER, Defendant BECKER himself, or any other source to learn that Defendant BECKER had been previously involved in a motor vehicle collision in 2017, as a result of his failing to yield the right-of-way to another vehicle;

e. Consciously choosing to not to inquire with either AAA Cooper, Defendant BECKER or any other source to learn that Defendant BECKER had been suspended by AAA Cooper due to operating his vehicle in an unsafe manner as a result of improper lane usage;

f. Consciously choosing to hire Defendant BECKER despite his history of unsafe driving, including, but not limited to multiple speeding tickets, an accident resulting from his failure to yield the right-of-way and unsafe driving conduct resulting in a three (3) day suspension from his immediate prior employer;

g. Consciously choosing to hire and retain Defendant BECKER to operate commercial motor vehicles on behalf of Marten Transport when it knew, or in the exercise of reasonable diligence, would have known, of his history of unsafe operation of a commercial vehicle;

h. Consciously choosing to permit Defendant BECKER to operate a commercial motor vehicle without determining that, by reason of experience or training, he could safely operate a commercial motor vehicle;

i. Consciously choosing to hire Defendant Becker despite failing to comply with the investigation and inquiry requirements of 49 C.F.R. § 391.23.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 11, including each and every subparagraph (a) through (i).

12. Defendant MARTEN's willful and wanton acts and/or omission in hiring and retaining Defendant BECKER as its employee, though it knew, or should have known, of his inadequacies as a commercial vehicle operator, proximately caused Defendant BECKER'S driving conduct set forth above and the collision set forth above.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 12.

13. On October 2, 2023, as a direct and proximate result of the foregoing willful and wanton conduct of the Defendant MARTEN, and as a direct and proximate result of the

collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:**   This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 13.

14. The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

  a. The Plaintiff, ROBERT REETZ, spouse of the decedent;

  b. Dustin Reetz, son of the decedent;

  c. Brandon Reetz, son of the decedent;

  d. Dylan Reetz, son of the decedent.

**ANSWER:**   This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 14, including each and every subparagraph (a) through (d) and demands strict proof thereof.

15. On October 2, 2023, as a direct and proximate result of the willful and wanton misconduct of Defendant MARTEN in hiring and retaining Defendant BECKER, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income,

which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:**     This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 15, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

16. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:**     This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, and denies that it has been cited accurately and the applicability thereof in Paragraph No. 16.

17. At all times relevant hereto, Defendant MARTEN knew that the conduct described above created a high degree of probability of injury and its willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

**ANSWER:**     This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 17.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

**Count VII**

**Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.**

**Direct Negligence**

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count VII of Plaintiff's First Amended Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to

admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by a "stop ahead" sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

>**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. On October 2, 2023, as Defendant BECKER traveled east on 300N he set his cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

>**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N and denies the remaining allegations contained in Paragraph No. 5.

6. On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for at least 5 to 6 or more, as he approached the intersection with Illinois Route 49.

>**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker was traveling east on 300N, and denies the remaining allegations contained in Paragraph No. 6.

7. On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

>**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 7.

8. On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly

into the path of decedent and blocking the entire lane of travel for southbound vehicles,

causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits that Becker entered the

intersection without stopping and denies the remaining allegations contained in Paragraph No. 8.

9. On October 2, 2023, Defendant MARTEN had a duty to exercise ordinary care in its

operations as an interstate motor carrier for the safety and wellbeing of other motorists on the

roadway, including Plaintiff's decedent.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits only those duties imposed

by law and denies that said duties are accurately stated in Paragraph No. 9.

10. Defendant MARTEN breached said duty in one or more of the following ways:

a.  Failing to have a policy prohibiting drivers of its motor vehicles from using a
headset to listen to music while operating a commercial motor vehicle;

b.  Failing to have a policy to prohibit its drivers from utilizing cruise control in
the operation of commercial motor vehicles on roadways other than interstate
highways;

c.  Failing to enact policies and procedures ensuring that drivers' cell phones are
placed in such a fashion so as to not distract the driver during the operation of the
commercial motor vehicle;

d.  Failing to have a policy against the utilization of cruise control when it is
unsafe to do so;

e.  Installing, or permitting the installation of, the Omnitrax device in such a
manner so as to cause distractions to drivers of its vehicles;

f.   Failing to inspect the interior of the tractor to ensure that the placement of the Omnitrax device, including its wiring, and/or Defendant BECKER'S cell phone and other electronic devices would not create a distraction for Defendant BECKER while operating the vehicle.

**ANSWER:**   This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 10, including each and every subparagraph (a) through (f).

11. As a direct and proximate result of the negligence of Defendant MARTEN as set forth above, Defendant BECKER was operating his vehicle on Route 300N while utilizing cruise control in excess of the speed limit and listening to music through his headset and was otherwise distracted resulting in him running the stop sign and causing the collision as set forth above.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 11.

12. On October 2, 2023, as a direct and proximate result the negligence of Defendant MARTEN and as a direct and proximate result of the collision between the vehicle being operated by the Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:**   This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 12.

13.   The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

a. The Plaintiff, ROBERT REETZ, spouse of the decedent;

b. Dustin Reetz, son of the decedent;

c. Brandon Reetz, son of the decedent;

d. Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 13, including each and every subparagraph (a) through (d) and demands strict proof thereof.

14. On October 2, 2023, as a direct and proximate result of the negligence of Defendant MARTEN as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 14, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

15. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, and denies that it has been cited accurately and the applicability thereof in Paragraph No 15.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## Count VIII

### Robert Reetz Executor of the Estate of Betty Jo Reetz v. Marten Transport. Ltd.

### Direct Willful and Wanton Conduct

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Count VIII of Plaintiff's First Amended Complaint, states as follows:

1. On October 2, 2023, at approximately 12:50 p.m., the Plaintiff's Decedent, BETTY JO REETZ, hereinafter "decedent", was driving and operating a 2012 Chevrolet Tahoe vehicle southbound on Illinois Route 49 approaching the intersection thereof with Iroquois County Road 300N, hereinafter "300N", in Iroquois County, State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Betty Jo Reetz was traveling southbound on Illinois Route 49 and denies any and all remaining allegations contained in Paragraph No. 1.

2. That at the aforesaid time and place, the Defendant, THOMAS BECKER, hereinafter "Defendant BECKER", was operating 2022 Kenworth semi-tractor/trailer, owned by his employer, Defendant, MARTEN TRANSPORT, LTD, hereinafter "Defendant MARTEN", eastbound along, and upon, 300N, approaching the intersection thereof with Illinois Route 49, both of which are public ways in Iroquois County and the State of Illinois.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that Thomas Becker was an employee of Marten Transport Ltd., and admits that he was traveling eastbound upon 300N, and denies the remaining allegations of Paragraph No. 2.

3. Traffic proceeding south on Illinois Route 49 at the aforesaid intersection was not controlled by any traffic control devices at the intersection of Illinois Route 49 and 300N.

**ANSWER:** This Defendant, Marten Transport Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 3 and demands strict proof thereof.

4. Traffic proceeding east on 300N approaching the intersection thereof with Illinois Route 49 was controlled by an advanced warning sign west of the intersection and a stop sign at the intersection of Illinois Route 49.

**ANSWER:** This Defendant, Marten Transport Ltd., admits that there was traffic control signs at the intersection and denies the remaining allegations of Paragraph No. 4.

5. On October 2, 2023, as Defendant BECKER traveled east on 300N he set the cruise control on his semi-tractor/trailer at 60 m.p.h. though the speed limit was 55 m.p.h.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N and denies the remaining allegations contained in Paragraph No. 5.

6. On October 2, 2023, as Defendant BECKER traveled east on 300N he became distracted and looked down, rather than ahead at the roadway, for several seconds, at least 5 to 6 seconds, or more, as he approached the intersection with Illinois Route 49.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 6.

7. On October 2, 2023, as Defendant BECKER traveled east on 300N, he failed to see either the "stop ahead" sign or the stop sign for eastbound traffic until he was already entering the intersection.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits that Thomas Becker traveled east on 300N, and denies the remaining allegations contained in Paragraph No. 7.

8. On October 2, 2023, Defendant BECKER drove his semi-tractor/trailer past the stop sign at the aforementioned intersection, without stopping or reducing his speed, directly into the path of decedent and blocking the entire lane of traffic for southbound vehicles, causing decedent's vehicle to crash into the side of Defendant BECKER's semi-tractor/trailer.

**ANSWER:**    This Defendant, Marten Transport, Ltd., admits that Becker entered the intersection without stopping and denies the remaining allegations contained in Paragraph No. 8.

9. On October 2, 2023, Defendant MARTEN had a duty to refrain from willful and wanton conduct in its operations as an interstate motor carrier for the safety and wellbeing of other motorists on the roadway, including Plaintiff's decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits only those duties imposed by law and denies that said duties are accurately stated in Paragraph No. 9.

10. Defendant MARTEN breached said duty in one or more of the following ways:

a.  Consciously enacting policies that allowed drivers of its motor vehicles to use a
headset to listen to music while operating a commercial motor vehicle;

b.  Consciously enacting policies that allowed its drivers to utilize cruise control in
the operation of commercial motor vehicles on roadways other than interstate
highways;

c.  Consciously failing to enact policies and procedures ensuring that drivers' cell
phones are placed in such a fashion so as to not distract the driver during the
operation of the commercial motor vehicle;

d.  Consciously failing to have a policy against the utilization of cruise control
when it is unsafe to do so;

e.  Consciously choosing to install, or permit the installation of, the Omnitrax device
in such a manner so as to cause distractions to drivers of its vehicles;

f.  Consciously choosing to allow distractions within the cab of the tractor by
choosing to not inspect the interior of the tractor to ensure that the placement of the
Omnitrax device, including its wiring, and/or Defendant BECKER'S cell phone and
other electronic devices would not create a distraction for Defendant BECKER while
operating the vehicle.

**ANSWER:**    This Defendant, Marten Transport, Ltd., denies the allegations contained
in Paragraph No. 10, including each and every subparagraph (a) through (f).

11. As a direct and proximate result of the willful and wanton conduct of Defendant
MARTEN as set forth above, Defendant BECKER was operating his vehicle on Route 300N
while utilizing cruise control in excess of the speed limit and listening to music through his

headset and was otherwise distracted resulting in him running the stop sign and causing the collision as set forth above.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 11.

12. On October 2, 2023, as a direct and proximate result of the foregoing willful and wanton conduct of Defendant MARTEN, and as a direct and proximate result of the collision between the vehicle being operated by Defendant BECKER and the vehicle being operated by the Plaintiff's decedent, the decedent was proximately caused to die.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 12.

13. The next of kin of the decedent at the time of her death and the relationship to the decedent was as follows:

a. The Plaintiff, ROBERT REETZ, spouse of the decedent;

b. Dustin Reetz, son of the decedent;

c. Brandon Reetz, son of the decedent;

d. Dylan Reetz, son of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., lacks sufficient information to admit or deny this allegation as written in Paragraph No. 13, including each and every subparagraph (a) through (d) and demands strict proof thereof.

14. On October 2, 2023, as a direct and proximate result of the willful and conduct of Defendant MARTEN, as set forth above, and the collision between the semi-tractor/trailer being operated by Defendant BECKER and the vehicle being operated by the

Plaintiff's decedent, and as a direct and proximate result of the death of the decedent as set forth above, the next of kin of decedent have suffered pecuniary injuries resulting from the death of the decedent including damages for grief, sorrow and mental suffering, and a loss of society from the decedent including the love, guidance, affection and companionship they would have received from her, and would have continued to receive from her, for the rest of their lives, and have been deprived of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death, all of which damages are of a continuing and permanent nature.

**ANSWER:** This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 14, including that the next of kin of the decedent and Plaintiff were injured in the nature and to the extent alleged.

15. This cause is brought pursuant to, and authorized by the Illinois Wrongful Death Act, 740 ILCS 188/1 et.seq. on behalf of, and for the benefit of, the next of kin of the decedent.

**ANSWER:** This Defendant, Marten Transport, Ltd., admits the existence of the Illinois Wrongful Death Act, and denies that it has been cited accurately and the applicability thereof in Paragraph No. 15.

16. At all times relevant hereto, Defendant MARTEN knew that the conduct described above created a high degree of probability of injury and its willful and wanton acts and omissions showed a complete indifference to and/or conscious disregard for the safety of other motorists.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 16.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## PRAYER FOR RELIEF

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., for their Answers to Plaintiff's Prayer for Relief, states as follows:

1. That Plaintiff be awarded damages for the pecuniary losses suffered by decedent's surviving next of kin, including:

    a.   their grief, sorrow and mental suffering,

    b.   their loss of society from the decedent, including love, guidance, affection and companionship, and

    c.   their loss of other valuable services and income, which they were accustomed to, and decedent would have continued contributing to them but for her death;

**ANSWER:**   This Defendant, Marten Transport, Ltd., acknowledges the death of Betty Jo Reetz and denies the remaining allegations contained in Paragraph No. 1, including each and every subparagraph (a) through (c) and denies that Plaintiff was injured in the nature and to the extent alleged.

2. That the Plaintiff be awarded punitive damages sufficient to punish Defendant BECKER'S and Defendant MARTEN'S willful and wanton conduct and discourage them and others from similar conduct.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 2.

3. That the Plaintiff be awarded any other damages as the Court deems just and proper, including costs.

**ANSWER:** This Defendant, Marten Transport, Ltd., denies the allegations contained in Paragraph No. 3.

WHEREFORE, Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff, ROBERT REETZ, is entitled to judgment against it for any amount whatsoever and moves for the entry of judgment in its favor and for such other relief as this Honorable Court deems just and appropriate.

## THE DEFENDANT DEMANDS TRIAL BY JURY

## DEFENDANT MARTEN TRANSPORT LTD.'S
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC., pleading in the alternative and without prejudice to its denials, asserts the following Affirmative Defenses to Plaintiff's First Amended Complaint at Law:

1. The decedent, BETTY JO REETZ, owed a duty to herself to operate her vehicle for her own safety.

2. In violation of that duty, the decedent, BETTY JO REETZ committed one or more of the following careless and negligent acts or omissions that proximately caused or contributed to the cause of Plaintiff's alleged injuries:

a.    Negligently and carelessly failed to keep a proper lookout for other vehicles on the roadway and for her own safety, in violation of Illinois statute 625 ILCS 5/11-503 (a);

b.    Negligently and carelessly failed to decrease the speed of her vehicle to avoid a collision, in violation of 625 ILCS 5/11-601(a);

c.    Negligently and carelessly driving at a speed greater than what was reasonable and proper, in violation of 625 ILCS 5/11-601(a);

d.    Negligently and carelessly failed to properly operate, maintain and control her vehicle in violation of Illinois statute 625 ILCS 5/11-503(a);

e.    Negligently and carelessly failed to operate said vehicle in a reasonably safe manner so as not to cause injury or damage to herself or others in violation of Illinois statute 625 ILCS 5/11-503 (a);

f.    Negligently and carelessly failed to warn Defendant's driver, THOMAS BECKER, by not honking her horn in violation of Illinois statue  625 ILCS 5/12-601; and

g.    Was otherwise careless and/or negligent.

3. If the jury finds that the comparative fault of the decedent, BETTY JO REETZ exceeds fifty percent (50%) of the proximate cause of the injury for which recovery is sought pursuant to the plaintiffs' Complaint at Law, the plaintiff, ROBERT REETZ, executor of the estate of BETTY JO REETZ, should be barred from recovering damages whatsoever.

4. If the jury finds the contributory fault of plaintiff to be fifty percent (50%) or less of

the proximate cause of the injury for which recovery is sought pursuant to the plaintiff's

Complaint at Law, plaintiff's recovery must be reduced in proportion to plaintiff's contributory

fault.

WHEREFORE, the Defendant, MARTEN TRANSPORT, LTD., denies that Plaintiff,

ROBERT REETZ, is entitled to judgment in any amount whatsoever and prays that judgment be

entered in favor of the Defendant and against the plaintiff, and for such other relief as deemed

just and appropriate by this Court.

Respectfully submitted,
THE HUNT LAW GROUP, LLC.


*/s/ Thomas A. Doggett*
By: Thomas A. Doggett

Thomas A. Doggett
Attorney for Defendants
THE HUNT LAW GROUP, LLC.
70 West Madison Street, Suite 3050
Chicago, Illinois 60602
Direct: (312) 384-2322
Fax:    (312) 443-9391
tdoggett@hunt-lawgroup.com